[No. 10850.   Department Two.   February 19, 1913.]

LESLIE McILWAINE *et al.*, *Respondents*, v. TACOMA RAILWAY
& POWER COMPANY, *Appellant.*[1]

CARRIERS—INJURY TO PASSENGERS — ACTIONS—INSTRUCTIONS—AS-
SUMPTION OF FACTS. An instruction to the effect that, if the jury
find that a passenger was notified that a car was going to the barn
and passengers would not be carried, it was the duty of the pas-
senger to get off and of the company "to keep the car standing
still," is not an unlawful comment on the facts in that it assumes
that the car was standing, a disputed question in issue, where the
instructions, construed as a whole, merely meant that it was the
duty to keep the car motionless while the passenger was getting
off.

SAME—INSTRUCTIONS—DUTY OF PASSENGER. An instruction that
it was the duty of a passenger to "immediately alight" upon being
informed that the car did not carry passengers and was going to
the barn, is not erroneous in that it was her duty to wait until
the car stopped.

DAMAGES—PERSONAL INJURIES—FUTURE DAMAGES—INSTRUCTIONS.
An instruction, in an action for personal injuries, that plaintiff was
entitled to recover "further expense which may happen in the
future by reason of the injuries received" is not prejudicially er-
roneous, where other instructions were given plainly telling the
jury what results they could consider in that connection.

TRIAL—INSTRUCTIONS ALREADY GIVEN. It is not error to refuse
a requested instruction that is covered in other language in the
general charge.

CARRIERS—WHO ARE PASSENGERS. One who boards a street car
stopping at a usual stopping place, intending to pay her fare, is a
passenger until she safely alights therefrom, although the car was on
the way to the barn and she was notified to get off.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered April 3, 1912, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
injuries sustained by a passenger in alighting from a street
car.   Affirmed.

[1]Reported in 129 Pac. 1093.

*J. A. Shackleford* and *F. D. Oakley,* for appellant.

*Govnor Teats, Hugo Metzler, Leo Teats,* and *Ralph Teats,* for respondents.

Morris, J.—The errors here assigned are to instructions given the jury in a case where the issue was whether Mrs. McIlwaine boarded one of appellant's cars as it made a safety stop, and, when informed by the conductor that the car was going to the barn, started to get off, and while attempting to do so, the car was suddenly started forward, throwing her to the ground, and inflicting the injuries complained of; or, as claimed by appellant, that she recklessly attempted to alight from the car in an improper manner while it was in motion.

The first instruction complained of is this:

"The court instructs you that if you find from the testimony that the plaintiff was notified that the car in question was bound for the barns, and if the plaintiff was led to believe that passengers would not be carried upon the car at that particular time, then it was her duty to alight therefrom, and it was the duty of the defendant company, through its motorman and conductor, to keep the car standing still until the plaintiff would have a reasonable time to alight therefrom."

It is contended that this instruction is erroneous for two reasons: (1) It assumes the only material fact in the case, and is therefore a comment with respect to a matter of fact; and (2) it is an erroneous statement of the law as applied to the facts.

It is undoubtedly error for a trial court in its instructions to the jury to infringe upon the constitutional mandate that "judges shall not charge juries with respect to matters of fact, nor comment thereon." It is said this instruction comments upon the only issuable fact in the case, in that it assumes, in saying it was the duty of the defendant "to keep the car standing still," that the car was standing still when Mrs. McIlwaine attempted to get off. We hardly think the

jury, on hearing this instruction, would take this view of it, or accept the court's meaning in any other sense than that it was the duty of the defendant to keep the car motionless while plaintiff was in the act of alighting. We have often said, in determining the meaning and effect of instructions, they must be read as a whole. Turning to another instruction we find the court saying to the jury: "If you find from the evidence in this case that the plaintiff undertook to alight or jump from said car while the same was in motion and before it had come to its regular stop," she would be guilty of contributory negligence and could not recover. It is, we think, plain that, in hearing this instruction, the jury would understand that they might determine from the evidence that plaintiff did attempt to alight from the car while it was in motion, and that the questioned instruction was nothing more than an indication to them of the duty imposed on defendant not to move cars while passengers are in the act of alighting.

The second complaint of this instruction is that it is erroneous in telling the jury that, if the plaintiff was notified that the car was bound for the barn, it was her duty to immediately alight therefrom. Counsel says, "it was plaintiff's duty to remain on the car until it was stopped for the purpose of permitting her to alight," and it was not her duty to *immediately* alight therefrom when notified it was going to the barn. We do not think the ordinary juror would follow this critical analysis of the language used, or take it to mean other than that, when Mrs. McIlwaine learned the car was going to the barn, she could not remain thereon as a passenger, but should get off, and while she was getting off, defendant should keep the car standing still.

The second instruction complained of is one in which the court, in giving the jury the measure of damages, said to them they might include "further expenses which may happen in the future by reason of the injuries received." Standing alone this would be error; but the court gave the jury

three instructions embodying the rule to guide them in arriving at the amount in case of verdict for plaintiff, in which they are plainly told they are not to consider results which may or may not happen, nor allow anything for future pain or suffering, unless satisfied by a fair preponderance of the evidence that future pain and suffering are reasonably certain to result. Again, they are told that, in assessing damages, they must confine themselves to such pain and suffering already endured and such as "will in reasonable probability" be endured as a result of the injuries received, as well as for any liabilities incurred by. reason of doctor, hospital, and. medicine bills; all as shown by the evidence in the case and not otherwise. We think the jury, from these instructions, would get the right idea, that in making their award they were limited to results reasonably probable, and to those established by a fair preponderance of the evidence.

Complaint is next made of the court's refusal to give an instruction requested by appellant. The instruction offered, we think, is a correct statement of the law; but it seems to us the court covered the point in language differing somewhat from that chosen by counsel for appellant, but conveying the same meaning to the jury, and hence we cannot say the refusal was error.

Finally, it is contended Mrs. McIlwaine was not a passenger, and therefore it was error to hold the appellant to the highest degree of care. Mrs. McIlwaine boarded the car believing it to be one on which her husband was conductor, intending to pay her fare. We think that, while on the car, she was a passenger so far as imposing a duty upon the appellant, and that this duty continued until she had alighted in safety. The evidence is susceptible of a finding which, in the light of the verdict, must be accepted, that the car stopped at a usual stopping point, and that Mrs. McIlwaine, in the exercise of due care, got on the platform for the purpose of taking passage. This would make her a passenger, and

having become such, she must be so considered until she had alighted from the car in safety.

Judgment affirmed.

CROW, C. J., ELLIS, MAIN, and FULLERTON, JJ., concur.