[No. 20185.   Department Two.   January 17, 1927.]

# R. R. SUPRUNOWSKI, *Respondent*, v. BROWN & WHITE CAB COMPANY, *Appellant*.[1]

[1] MUNICIPAL CORPORATIONS (383, 390)—USE OF STREETS—CONTRIB-UTORY NEGLIGENCE — QUESTION FOR JURY.   The contributory negligence of a pedestrian, struck by a taxicab at a street cross-ing is a question for the jury where, on reaching the inter-section, he looked to the left and saw a taxicab approaching at such a speed as to warrant his conclusion that it would not turn at the intersection, and he thereupon started to cross and passed the middle of the street and the path of automobiles approaching from the left before he was struck.

[2] DAMAGES   (84,   86) — EXCESSIVENESS — INJURY TO HIP AND SHOULDER.   A verdict for seven hundred dollars for personal injuries sustained by a pedestrian, struck at an intersection, is not excessive where the plaintiff, a barber, sustained a severe · blow on his hip and shoulder, was severely bruised, and subject to pain for several months and his labor was interfered with.

[3] DAMAGES (47)—MEASURE OF DAMAGES—PERSONAL INJURIES—FUTURE SUFFERING.   An instruction authorizing recovery for pain and suffering is justified in a personal injury case where the plaintiff testified eight months after the injury that he still suffered pain.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered October 24, 1925, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian, struck by an automobile.   Affirmed.

*Ralph S. Pierce,* for appellant.

*Adam Beeler,* for respondent.

BRIDGES, J.—The jury would have been justified in believing the following to be the facts in this case: About 7:00 o'clock of an evening in February, 1925, when it was dark, the plaintiff was walking southerly

[1]Reported in 252 Pac. 155.

on the westerly sidewalk of Third avenue in Seattle. When he came to Jefferson street, which runs diagonally to Third avenue, and before stepping off of the sidewalk into that street, he looked to the left to see if any traffic was approaching. He saw the defendant's taxicab going northerly on the avenue. It was probably a little south of the intersection and was going at such speed as that the plaintiff thought, and had reason to believe, that it intended to continue northerly on the avenue and not to turn into Jefferson street. After he had advanced from three to five steps into the street he was struck by the righthand front fender of the taxicab and was thrown a distance of twelve or fifteen feet. At the time of striking the plaintiff, or immediately before, the taxicab was going at a "pretty fast clip." The headlights of the automobile were burning and the horn was not blown. The testimony of the driver of the auto contradicts much of that above mentioned, but, since the jury returned a verdict in favor of the plaintiff, we must look at the testimony from the view most favorable to him.

[1] The appellant first insists that the testimony conclusively shows that the respondent was guilty of contributory negligence, and that for that reason the trial court should have granted its motion for non-suit or its motion for judgment notwithstanding the verdict. We are of the opinion, however, that the matter of respondent's negligence was a question for the jury. Before stepping into Jefferson street he did what we have often said should be done under like circumstances, that is, looked to his left to see whether there were any approaching vehicles, and saw the appellant's taxicab, but it was still on Third avenue and in such position and going at such speed as that he did not think it intended to turn into Jefferson street; and it is plain to us that he had reason to so conclude.

According to his testimony, he had advanced some ten or fifteen feet in the street before he was hit. This would probably take him to, or beyond, the middle of the paved portion of Jefferson street. If this testimony is to be believed, he had a right to think that he was out of the path of automobiles which might be going westerly on Jefferson street, and it was his duty then to pay attention to traffic which might be approaching Third avenue on Jefferson street from the west; and this, he testified, is what he did. This testimony is amply sufficient, under all of our decisions, to present a question to be determined by the jury.

Appellant greatly relies on *Silverstein v. Adams,* 134 Wash. 430, 235 Pac. 784, but the situation there was very different. In that instance, the automobile was approaching at night and struck the plaintiff just as he left the sidewalk. We held that it was the duty of the plaintiff before leaving the sidewalk to look for approaching vehicles, and that, while he testified that he did look and did not see any, yet his testimony was incredible in that respect, because it was perfectly plain that had he looked he must have seen the auto, which was then almost upon him.

[2] It is next contended that the verdict is excessive. It was for seven hundred dollars. The respondent was working at his trade of barbering. The auto struck him a severe blow on his hip and threw him, as he testifies, some twelve or fifteen feet. He fell upon his shoulder, and both his hip and his shoulder were severely bruised and sprained. He was unable to do any work for a week, and thereafter he worked, but under considerable handicap. Every night, for at least a month, hot applications were kept on his shoulder for the purpose of removing the pain and soreness. For several months after the injury, his shoulder was

lame, particularly in the forenoon, and gave him considerable pain and interfered some with his labors. While we consider the verdict as ample, yet it is not so excessive as to justify us in saying that the jury was influenced by passion or prejudice. Nothing occurred at the trial, so far as we can see, which would tend to prejudice the jury in favor of the plaintiff or against the defendant.

[3] It is next contended that the court erred in instructing the jury that they might compensate the respondent for "such pain and suffering as you find from the evidence is reasonably certain will be sustained in the future. . . ." It is contended that there was not sufficient evidence upon which to base an instruction as to future pain and suffering. It is true that no physician testified that the respondent was likely to suffer in the future, but the respondent himself testified at the trial, which was some eight months after the injury, that his shoulder was still sore and in a weakened condition and gave him some pain, particularly when he raised his arm. This was sufficient, in our opinion, upon which to base the instruction with reference to future pain and suffering.

In a case like this it was not necessary that a physician should testify on this matter. Everybody knows what pain and suffering is likely to follow an injury such as was received here. The rule in this court, particularly in an injury of this character, is that where the testimony shows that the plaintiff still suffers at the time of the trial, the court is justified in submitting to the jury the matter of future pain and suffering. The appellant cites authority to the effect that the question of permanent injury cannot be submitted to the jury, unless there is medical testimony to the effect that the injury is permanent. It is not

necessary for us to discuss that question, because the court did not instruct with reference to any permanent injury.

It would seem that there has been a fair trial and that no material errors have been committed. The judgment is affirmed.

MACKINTOSH, C. J., PARKER, ASKREN, and TOLMAN, JJ., concur.