[No. 23177. Department One. November 19, 1931.]

R. LIESKE et al., Respondents, v. C. NATSUHARA, Appellant.[1]

[1]Reported in 5 P. (2d) 307.

*Poe, Falknor, Falknor & Emory* and *John Mills Day,* for appellant.

*Arthur E. Griffin,* for respondents.

MITCHELL, J.—This is a personal injury action. It was alleged that, while Anny Lieske was walking along the highway near the paved portion of it, she was struck and severely injured by a beam of timber negligently allowed to extend about eight feet sideways from a truck owned and operated by the defendant, C. Natsuhara. There was a judgment for the plaintiffs, husband and wife, upon the verdict of the jury. The defendant has appealed.

The only error assigned is the giving of instruction No. 7, in substance to the effect that, if the finding should be for the plaintiffs, it should justly, fairly and fully compensate them for damages already sustained, and all damages, if any the jury find, the plaintiffs will with reasonable certainty sustain in the future resulting from the injuries as shown by the evidence; which should include compensation for pain and suffering Mrs. Lieske has and will with reasonable certainty sustain in the future resulting from the injuries, and sums reasonably expended or obligated to pay and that plaintiffs will be required to pay in the future for medicine, medical attention of doctors and nurses.

In support of the assignment, the argument is made that there was not sufficient evidence of certainty of future damages, pain and suffering and expense for medicines and physicians to submit these matters to the jury.

Counsel rely on the case of *Ely v. North Coast Lines,* 151 Wash. 137, 275 Pac. 78, and cases therein referred to, where it was held that an instruction covering future disability, impairment of earning capacity and

future pain and suffering was erroneously given. But, in this connection, the court in that case said:

"The instruction was objectionable because it submitted to the jury issues which there was no evidence to sustain. The giving of it was therefore error."

In the present case, the argument on behalf of appellant in this respect fails to give due regard to substantial evidence on behalf of the respondents to the effect that Anny Lieske was at no time after she was injured free from pain; that, at the time of the trial, nine months after she was hurt, she was wearing a bandage of the kind directed by her physician to relieve pains caused by her injuries; that she had incurred expenses for physicians and surgeons in rather large amounts, and for medicines and a nurse; that, until she was injured, she did her household work and the last year preceding her injury earned seven hundred dollars by her personal services; while, since her injuries and until the time of trial, she had at no time been able to perform her household work.

One of the surgeons who waited on her testified that her injury consisted of a separation or fracture of the costal cartilage, and further said:

"It is questionable how soon a fractured cartilage heals. There is no circulation, and a fractured cartilage seldom heals when one is broken. It does not usually heal in that location."

Another surgeon who assisted in treating her testified that "the cartilage was broken apart where it joins the ribs", and, while he expressed the opinion that she would improve, he said of her condition:

"I have had hopes that it might run and might be cured with the next year or six months, and it might run for several years. It would be a condition to be decided later. I couldn't indicate an opinion."

While the instruction contains some apparent repetition, there is nothing confusing about it and it is, for all practical purposes, essentially the same as an instruction in the case of *Webster v. Seattle, Renton & Southern Railway Co.,* 42 Wash. 364, 85 Pac. 2, that the jury in fixing damages might take into consideration

". . . any expense for medicine and care of physicians which plaintiff has necessarily been put to by reason of such injuries, or that he may in the future with reasonable probability be put to by reason of such injuries."

After referring to testimony in the case showing permanency of the injury involved, the court said:

"This evidence was sufficient to support the instruction, because when it was shown that respondent was in need of medical attendance and had employed physicians, the presumption followed that there was some expense attached to such employment; and when it was also shown that respondent would suffer in the future, it followed that in all probability he would need medical attention for which the jury were at liberty to fix a nominal sum at least. *Feeney v. Long Island R. Co.,* 116 N. Y. 375, 22 N. E. 402; *Gallamore v. Olympia,* 34 Wash. 379, 75 Pac. 978."

Other cases supporting, in principle, the language objected to here are *Cole v. Seattle, Renton & Southern Railway Co.,* 42 Wash. 462, 85 Pac. 3; *Passage v. Stimson Mill Co.,* 52 Wash. 661, 101 Pac. 239; *Anderson v. Hurley-Mason Co.,* 67 Wash. 342, 121 Pac. 815, Ann. Cas. 1913D 148; *McIlwaine v. Tacoma Railway & Power Co.,* 72 Wash. 184, 129 Pac. 1093; *Bankson v. Laflam,* 92 Wash. 437, 159 Pac. 369.

Judgment affirmed.

TOLMAN, C. J., BEELER, PARKER, and HERMAN, JJ., concur.