[No. 24100.   Department One.   December 22, 1932.]

COLEMAN McDONOUGH, *Respondent*, v. PACIFIC STEAM-
SHIP COMPANY, *Appellant*.[1] ·

*Bogle, Bogle & Gates, Ray Dumett*, and *Stanley B.
Long*, for appellant.

*Vanderveer & Bassett,* for respondent.

MITCHELL, J.—This is an action for personal in-
juries. McDonough, the plaintiff, was engaged as a
seaman in painting the mainmast of one of defendant's
steamers, and fell to the deck while so engaged, caus-
ing the injuries. It was alleged that the accident was
caused by the negligence of the defendant in furnish-
ing unsafe appliances used in the work in which plain-
tiff was engaged, of which unsafe condition plaintiff
had neither knowledge nor warning, and which, while
being used, gave way and caused the fall. The case

[1]Reported in 16 P. (2d) 1052.

was tried to a jury, which brought in a verdict for the plaintiff. Defendant's motion for a new trial was denied, and the appeal has been taken from a judgment on the verdict.

The assignments of error are presented under two heads.

■ It is claimed that a mistrial should have been declared or a new trial granted because of misconduct of plaintiff's counsel. The contention refers to an incident during the argument by respondent's attorney to the jury, as follows:

"I don't know of any reason why you should be miserly in this case. They brought it out that he has to pay attorney's fees, and he has to pay expenses, and he has to wait. I suppose there will be an appeal. I don't know how long it will take. They talk about their deserts. I ask you to measure their deserts by the honesty of their defense. They ought to be punished for the things that they have done in this case and for the way that they have tried it."

Counsel for appellant objecting, said: "I must take exception to the remarks of counsel, and I ask the court to instruct the jury to disregard them." Whereupon, the court promptly stated: "Yes. The remarks of counsel will be stricken, and the jury instructed to disregard them."

Counsel for respondent then said:

"That, my friends, is the answer to their contention that they have their rights. They have their rights, it is true, and a man's rights I think are commonly measured or influenced to some degree by the honesty of their conduct, and I say that they have been dishonest. Now go out and do unto him as you would want him to do unto you. That is the Golden Rule, and there is not any better rule in the world than that, I know."

Whereupon, upon the jury being retired momentarily by direction of the court, counsel for appellant

moved for a mistrial and discharge of the jury, "On the ground of the inflammatory remarks of counsel, concerning the duty of the jury to punish the defendant." The motion was denied.

We must see the situation as it was. Immediately before the argument of the attorneys, the court, in general written instructions, which were to be and were taken out by the jury, in finally deciding the case, told them, among other things,

"It is the duty of the court to instruct you as to the law governing the case, and you shall take such instructions to be the law;"

Also,

"If you find a verdict for the plaintiff you will assess his damages in such an amount as will fully and fairly compensate him for his injuries," etc.

And further,

"The purpose of the law is not to punish the defendant, but to fairly and fully compensate the plaintiff."

When the language complained of was used and objection made, the court not only ordered the remarks stricken, but the jury was instructed to disregard them. The remarks with reference to punishing the defendant, relied on in the motion for a mistrial, were not repeated, and we find in them, under the circumstances, nothing compelling or justifying the inference of prejudice, or that takes the case out of the rule announced in many of our decisions that, upon objection from the opposite party, the trial court's prompt instruction to the jury to disregard an offending statement is sufficient. *Ginnett v. Greene*, 87 Wash. 40, 151 Pac. 99. Nor is there anything in the size of the verdict, mentioned by appellant in this respect, indicative of passion and prejudice on the part of the jury.

The second head in discussing the assignments of error is that the issue of alleged permanent injuries should have been withdrawn from the jury. The instructions, in our opinion, do not go to the extent suggested. There was abundant proof that, at the time of the trial, a year after the accident, the respondent continued to suffer appreciably at times because of the fall, and was not able to do the kinds of heavy work he had been accustomed to. The instruction given was as follows:

"In assessing the compensation to be paid, if any, for future pain and suffering, or for future loss of earnings, or for the future impairment of physical vitality, I instruct you that you cannot indulge in speculation or uncertainties but may award damages only for such matters as are reasonably certain to happen as disclosed by the evidence."

The instruction appears to be fair, and under the particular circumstances and facts in the case within the rule announced in *Lieske v. Natsuhara*, 165 Wash. 270, 5 P. (2d) 307, and cases cited.

The motion for a new trial was properly denied.

Affirmed.

TOLMAN, C. J., HOLCOMB, MILLARD, and PARKER, JJ., concur.