[No. 32055. Department Two. October 2, 1952.]

HERBERT B. WHITE, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Clarence J. Coleman* and *Thomas G. McCrea,* for appellant.

*The Attorney General* and *Harry Margolis, Assistant,* for respondent.

HILL, J.—The ultimate question here presented is the sufficiency of the evidence to sustain the verdict of a jury.

Herbert B. White, while employed on the construction of a school house, May 13, 1948, was struck on the arm and chest by a prefabricated section of roofing that was caught by a gust of wind and blown against him. He sustained a wrenching injury to the left side of his chest. A short time later he suffered sharp pains in his chest, which continued intermittently until two days later, when he collapsed at

[1]Reported in 248 P. (2d) 566.

his home and was taken to a hospital. The diagnosis of the attending physician was acute coronary thrombosis. White was hospitalized for five or six days and confined to his bed at home until July 10th, and was unable to leave the house until July 25th. The department of labor and industries allowed compensation for treatment and time loss until March 26, 1949, closing his claim as of that date on April 15, 1949.

White, claiming that he was still unable to work because of the occurrence of sharp pains in his chest whenever he exerted himself, appealed this closing order to the board of industrial insurance appeals, which affirmed it. He then appealed to the superior court.

The ultimate question for the jury was presented in the form of an interrogatory:

"Was the Board of Industrial Insurance Appeals correct in affirming the order of the Department of Labor and Industries closing the claim of the plaintiff on April 15, 1949?"

The jury answered "No." The trial court granted a motion for a judgment notwithstanding the verdict, on the ground that White had failed to prove that any disability existing on April 15, 1949, was caused by the injuries sustained May 13, 1948, and entered a judgment of dismissal, from which White appeals.

One of the assignments of error:

"The Court erred in holding that appellant was obliged to prove that the cause of the physical condition, from which the jury found that he was suffering, to be the result of the accident, even though the Department had previously held this condition to be the result of the accident and had paid compensation therefor";

cannot be considered, since no exceptions were taken at the time of the trial to instructions Nos. 4 and 5, which thereby became the law of the case. (There was an exception to instruction No. 5, but only to a portion of it not material to our present consideration.) By these instructions, the jury was told that, to warrant a verdict for White, the jury must find, by fairly preponderating evidence, that his con-

tinued disability after April 15, 1949, if any, was caused by the accident of May 13, 1948.

By our reference to "the law of the case," we would not leave the inference that we question the propriety of the instruction given by the trial court. It seems to us that what was said with reference to the claimant's burden of proof at the joint board level in *Olympia Brewing Co. v. Department of Labor & Industries,* 34 Wn. (2d) 498, 208 P. (2d) 1181 (1949), is equally applicable to hearings before the board of industrial insurance appeals, and fully justifies the instruction; but, under the circumstances here existing, it is not necessary for us to pass on the propriety of the instruction.

We are here limited to a consideration of whether there was substantial evidence, or reasonable inference therefrom, to sustain the finding of causation which was necessary to support the verdict. *Ehman v. Department of Labor & Industries,* 33 Wn. (2d) 584, 206 P. (2d) 787 (1949), and cases there cited.

We have held that the probability of a causal connection between an industrial injury and the subsequent physical condition for which compensation or treatment is sought, must be established by the testimony of medical experts. *Stampas v. Department of Labor & Industries,* 38 Wn. (2d) 48, 227 P. (2d) 739 (1951), and cases there cited.

The *Stampas* case, *supra,* also states the rule that

"Medical testimony that there is a *possibility* of a causal relation is not sufficient to establish causation. It must be made to appear that the injury *probably* caused the disability."

See, also, *Boyer v. Department of Labor & Industries,* 160 Wash. 557, 295 Pac. 737 (1931); *Seattle-Tacoma Shipbldg. Co. v. Department of Labor & Industries,* 26 Wn. (2d) 233, 173 P. (2d) 786 (1946).

Four doctors testified in the instant case. Two of them did not testify as to the issue of causation because they were of the opinion that there was nothing wrong with the

appellant. A third one, the doctor who made the original diagnosis of acute coronary thrombosis, did not testify that there was any relation between the injury of May 13, 1948, and the heart condition that appellant had been treated for. He testified that he last saw the appellant on August 27, 1948, seven months prior to the date the claim was closed, and that he could find no objective symptoms to corroborate appellant's complaints at that time.

If there was any medical testimony of causation that would support the claim of the appellant, it was that of Dr. R. J. Wescott. We have scrutinized his testimony very closely. Although he was given numerous opportunities to testify that the accident of May 13, 1948, was the cause of appellant's disability at the time the claim was closed, he at no time did so. We quote, by way of illustration, from his direct examination:

"Q. Is it your opinion, Doctor, the condition you were treating him for had any relationship back to the original injury? A. Of course, I had no way of knowing that because I hadn't seen him at the time of the injury. Q. I mean assuming those facts you knew were true. A. Well, there is certainly an assumption. From what Dr. Moore had told me I had a basis on his impression. Q. I say assuming the facts you knew about the case were true, would it be your opinion there was any connection between the condition he was suffering from at the time and the original situation that resulted at the time of the accident? A. I don't quite follow that. Q. I meant, assuming that all the facts you learned in your conversation with Dr. Moore and your history that the claimant gave you were true—of course, part of that we will have to prove later—but assume all those facts were true, in your opinion would there be any connection between this anginal pain which he suffered particularly after effort and the original accident or injury? A. Well, if you mean by that could there be a causal connection a traumatic angina— Q. Could there be a relationship from this condition that he was suffering from and you were treating him, could it have had its inception from the injury, assuming that the facts you learned were true. A. Well, there is a type of angina or in a real coronary disease that can be caused by trauma to the chest, if the wound or injury is to the chest or sudden strain."

The nearest to a favorable answer that counsel was able to elicit was, "Well, there is certainly an assumption. From what Dr. Moore had told me I had a basis on his impression." It is not clear what the "assumption" was, but Dr. Wescott's testimony in its entirety makes it abundantly clear that there were no objective symptoms of any cardiac involvement, and that he relied exclusively on subjective symptoms as related to him by the appellant and on what Dr. Moore had told him. This is not sufficient to raise the evidence as to causation from the realm of possibility to that of probability, as we have defined those terms. See *Seattle-Tacoma Shipbldg. Co. v. Department of Labor & Industries*, *supra*.

We find no medical testimony that any condition from which appellant may have been suffering at the time of the closing of his claim, April 15, 1949, was caused by the accident of May 13, 1948. As the trial court stated, there was a failure to prove the element of causation, which, under the law of the case, was essential to any verdict for the appellant.

The judgment is affirmed.

SCHWELLENBACH, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.