[No. 354-3.    Division Three.    May 27, 1971.]

JOSEPH PETERSON et al., *Appellants*, v. JOHN DOE GILMORE et al., *Respondents*.

*James S. Scott* (of *Smith, Scott & Hanson*), for appellants.

*Thomas B. Grahn* (of *Halverson, Applegate, McDonald, Bond, Grahn & Wiehl*), for respondents.

GREEN, J.—Plaintiffs brought an action for negligence against the defendants for personal injuries arising from an automobile accident. Defendants answered, denied negligence and claimed the defense of contributory negligence. From a verdict for defendants, plaintiffs appeal.

The sole issue is whether plaintiffs were denied a fair trial because of alleged prejudicial misconduct of defense counsel in referring during closing argument to a "rule-of-thumb" theory in order to determine damages.

This appeal comes to us on a brief agreed statement of facts. It shows that during closing argument to the jury,

defendants' counsel made a statement essentially as follows:

> In determining damages, we attorneys have a rule-of-thumb . . .

Thereupon, the following colloquy occurred:

> Mr. Smith: I hate to interupt [*sic*] counsel in this argument, but I don't know that there is any "'rule of thumb" that lawyers go by. There isn't any evidence of that sort of thing.
>
> The Court: I feel it is within the latitude of argument, just as attorneys argue so much an hour for pain and that sort of thing.

Thereafter, defendants' counsel proceeded to explain to the jury that in determining damages attorneys have a "rule-of-thumb" which values a case at three or four times special damages, and that the case at hand should therefore have a maximum value of $4,000 to $5,000.

At the close of defendants' argument, plaintiffs moved for a mistrial which was denied. Following a verdict for defendants, plaintiffs' motion for new trial was also denied. One of the affidavits opposing the motion for new trial stated that plaintiffs' counsel during closing argument said:

> Counsel has said something about a rule of thumb. I know nothing about such a rule of thumb. It may be if you are a defendant, there is such a rule. But there is no such rule of thumb.

This affidavit is not controverted.

In *Crippen v. Pulliam*, 61 Wn.2d 725, 380 P.2d 475 (1963), plaintiff sued the defendant for damages arising from alleged medical malpractice. A verdict was returned for the defendant. Two of the errors urged by plaintiff on appeal were (1) defendant's counsel had been appointed her guardian ad litem in a prior mental illness hearing thus creating a prejudicial conflict of interest; and (2) another defendant's counsel had improperly argued to the jury that plaintiff had painted her eyebrows so as to feign or exaggerate the paralysis of her face. In the course of affirming

the trial court's denial of plaintiff's motion for new trial, the court said at page 734:

Assuming the plaintiff is correct, this conflict could only affect the issue of damages and would have no bearing upon the negligence of the defendant. Since the jury verdict was for the defendant *it is inherent in the verdict that the jury did not reach the issue of damages and that, therefore, no prejudice could have resulted* . . .

. . . We agree that such a statement was improper and may have been prejudicial to the consideration of the issue of damages by the jury. However, *we cannot see any prejudice resulting to the plaintiff since this issue was not reached by the jury.*

(Italics ours.) Neither did the jury reach the issue of damages in the instant case. We believe that *Crippen* is determinative of the issue raised by plaintiff and that the trial court was correct in refusing to grant a mistrial or a new trial.

■ Moreover, the court gave the following instruction:

Counsel's remarks, statements and arguments are intended to help you understand the evidence and apply the law. *They are not evidence,* however, and you should *disregard any remark, statement or argument which is not supported by the evidence or the law* as given to you by the court.

(Italics ours.) Errors in oral argument may be cured by such instruction. *Jones v. Hogan,* 56 Wn.2d 23, 351 P.2d 153 (1960); *McDonough v. Pacific S.S. Co.,* 170 Wash. 658, 16 P.2d 1052 (1932); *Auerbach v. Webb,* 170 Wash. 567, 17 P.2d 1 (1932). Further, plaintiffs' counsel responded in his final argument to the statement made by defendants' counsel and in effect denied the existence of such a rule.

■ Plaintiffs' ultimate contention is that the mere statement by defense counsel to the jury so prejudiced the case that as a matter of law, without regard to the evidence presented during the trial, a mistrial or new trial should have been granted. We are unable to agree. Motions for mistrial and for new trial based upon misconduct of counsel rest in the sound discretion of the trial court and its decision will not be disturbed except for a manifest abuse

58

of that discretion. *Anderson v. Dobro,* 63 Wn.2d 923, 928, 389 P.2d 885 (1964). This discretion is exercised in the background of all the evidence produced during the course of the trial. In the instant case we have before us none of the evidence that was before the trial court. We have only the statement made by counsel for defendants, the objections thereto, instruction No. 1 and affidavits of jurors that the rule-of-thumb argument and the issue of damages were not considered. Consequently, on this record we are unable to find the trial judge abused his discretion in denying the motions for mistrial or for new trial.

Judgment affirmed.

MUNSON, C.J., and EVANS, J., concur.