[No. 2594-1. Division One. January 26, 1976.]

THOMAS BITZAN, *Appellant*, v. ERNEST N. PARISI, ET AL, *Respondents*.

*Karr, Tuttle, Koch, Campbell, Mawer & Morrow, Steven V. Lundgren,* and *Charles A. Kimbrough,* for appellant.

*Jack E. Hepfer,* for respondents.

*Daniel F. Sullivan* and *Greg L. Tinker,* amici curiae, on behalf of Washington State Trial Lawyers Association.

SWANSON, J.—Thomas Bitzan appeals from an order granting the defendant Ernest N. Parisi a new trial and vacating the jury award of $22,500 for injuries received in an auto collision. Bitzan, a 30-year-old carpenter, sustained injuries to his neck and upper back on December 14, 1971, when his automobile was struck in the rear by Parisi's vehicle. Parisi admitted liability for the injuries proximately caused by the collision; therefore only the question of damages was submitted to the jury.

Plaintiff's evidence of the extent and duration of his claimed neck and back injuries may be summarized as follows: Dr. Franco Benitez, plaintiff's treating physician, testified that there were no physical findings of injury when he last examined the plaintiff on July 12, 1972, 1 year before trial. When asked about future disability, Dr. Benitez stated, "I am quite sure he is going to recover completely," but he declined to express an opinion as to future disability. When specifically asked at the time of trial whether the plaintiff was then experiencing any pain or disability, Dr. Benitez said he was unable to say. The defendant's medical expert, Dr. Bruce Bradley, stated that he examined the plaintiff on May 7, 1973, a month prior to trial, and concluded that he was not in need of further medical treatment and was able to perform manual labor, including carpentry work, "since I essentially could find no objective abnormalities on my examination," but admitted on cross-examination that it was possible the plaintiff could have occasional problems with his back at a later date.

The plaintiff himself testified that prior to the December 14, 1971, collision, he had fully recovered from the effects of earlier accidents, was working regularly as a carpenter, and enjoyed recreational activities which included hunting and fishing almost the year around. He stated that after the accident his neck and back were sore and that he obtained

medical attention almost immediately. He wore a cervical collar for a month, received physical therapy treatments, and took pain medicine to relieve spasm as prescribed by his doctor. Nevertheless, he experienced pain when exercising and lifting and had trouble sleeping. The plaintiff stated that because of the pain experienced upon exertion, he was unable to continue his vocation as a carpenter and had to curtail many recreational activities. About 6 months after the accident he began working as a TV salesman, but had trouble lifting and moving the merchandise and changed to selling real estate. When asked at trial whether he was in pain at that time, he said, "A slight amount." He also indicated that his neck was healed but that his upper back was still painful when exercising. Plaintiff's lay witnesses essentially corroborated his testimony and testified that he exhibited unnatural movement and stiffness when walking or turning his head.

On this evidence and over defendant's exception, the jury was instructed to consider as elements of damage plaintiff's future disability, future pain and suffering, and future loss of earnings within the standard of reasonable probability. In another instruction, also excepted to, the jury was told that the plaintiff was entitled to recover for the lighting up of any preexisting bodily condition which made him more subject to injury than a person in normal health.

The jury found for the plaintiff, and the defendant moved for a new trial, which was granted on the basis

[t]hat there was error of law which was prejudicial in giving Instruction No. 5 as to elements of future damage and loss for disability, pain and suffering, and loss of earnings which were based entirely on subjective complaints, as opposed to any substantial medical testimony which would with reasonable medical probability support said future elements of damage,

and

[t]hat there was error of law which was prejudicial in giving Instruction No. 6 in that there was no substantial evidence to support said instruction. That, more specifi-

cally, there was no medical testimony, based on reasonable medical certainty, that "before this occurrence the plaintiff had a pre-existing bodily condition which made him more subject to injury than a person in normal health" nor was there any evidence to substantiate "the lighting up of the pre-existing condition."

This appeal followed.

 Plaintiff assigns error to the order granting a new trial and contends that the medical and lay testimony provided sufficient evidentiary support for both instructions. We disagree and affirm. It is axiomatic that an issue cannot be withdrawn from the jury if there is substantial competent evidence to support it, *Shasky v. Burden,* 78 Wn.2d 193, 470 P.2d 544 (1970), but there must be substantial competent evidence—a jury cannot be permitted to guess or speculate. We also observe preliminarily that no element of discretion is involved in granting a new trial because of an error of law. *Lyster v. Metzger,* 68 Wn.2d 216, 412 P.2d 340 (1966).

Instruction No. 5, adapted from WPI 30.01, states in pertinent part, with portions excepted to by defendant in italics, as follows:

> You must determine the amount of money which will reasonably and fairly compensate the plaintiff for such damages as you find were proximately caused by the negligence of the defendants.
> You should consider the following elements:
> The nature and extent of the injuries;
> *The disability* experienced and *with reasonable probability to be experienced in the future;*
> *The pain and suffering, both mental and physical,* experienced and *with reasonable probability to be experienced in the future;*
>
> . . .
>
> *The reasonable value of earnings* lost and *with reasonable probability to be lost in the future.*

(Italics ours.)

 Plaintiff first argues that the medical evidence meets proper evidentiary standards even though neither doctor expressed an opinion as to adverse future conse-

quences, except in terms of "possibility." We answer that argument in the negative. It is well settled that the standard of proof as to the degree of certainty to be expressed by a medical expert to establish the causal relationship between the incident in question and the condition complained of must be in terms of "probability," *Carlos v. Cain,* 4 Wn. App. 475, 481 P.2d 945 (1971), or "more likely than not," *Clevenger v. Fonseca,* 55 Wn.2d 25, 345 P.2d 1098 (1959), rather than in terms of possibility or variations thereof, *Orcutt v. Spokane County,* 58 Wn.2d 846, 364 P.2d 1102 (1961). Similar standards apply as to the degree of certainty required of a medical witness to establish the future consequences of an injury. 22 Am. Jur. 2d *Damages* § 352 (1965). Any lesser standard would violate the sound policy rule against jury speculation and conjecture. *Venske v. Johnson-Lieber Co.,* 47 Wn.2d 511, 288 P.2d 249 (1955). *But see* Brachtenbach, *Future Damages in Personal Injury Actions—The Standard of Proof,* 3 Gonzaga L. Rev. 75 (1968). Moreover, the court's instruction is couched in terms of "reasonable probability." That standard was not challenged and becomes the law of this case. In measuring plaintiff's expert medical evidence against that standard of certainty, we note the medical evidence most favorable to the plaintiff: Dr. Benitez, plaintiff's medical witness, refused to predict the duration of any disability and could not state at trial whether the plaintiff then had any disability or was experiencing any pain. The trial court correctly ruled that plaintiff's medical testimony is insufficient to support the future damage instruction.

■ We now reach the decisive question in this case: in the absence of adequate medical evidence is plaintiff's lay testimony sufficient to support the instruction on the future consequences of his neck and back injuries, *i.e.,* disability, pain and suffering, loss of wages? We recognize that expert medical testimony is not always essential to establish future effects of an injury. *Carr v. Martin,* 35 Wn.2d 753, 215 P.2d 411 (1950); *Parris v. Johnson,* 3 Wn. App. 853, 479 P.2d 91 (1970); 12 D. Blashfield, *Automobile Law and Prac-*

*tice* § 445.5 (3d ed. 1969). The general rule followed by almost all courts is that if the injury is "objective" and it is plainly apparent from the very nature of the injury that it will cause pain and suffering in the future, expert testimony is not required. On the other hand, if the injury is not obvious, nor the symptoms readily apparent, it is regarded as "subjective," and medical testimony is generally necessary to support a claim of future damages. *See* J. Stein, *Damages and Recovery: Personal Injury and Death Actions* § 16 (1972); 25A C.J.S. *Damages* § 162(9)(b) (1966). As explained in Annot., 115 A.L.R. 1149, 1150 (1938),

> [I]f the injury is of an objective nature (such as the loss of an arm, leg, or other member) the jury may draw their conclusions as to future pain and suffering from that fact alone (the permanency of such injury being obvious); whereas there must be expert evidence as to future pain and suffering or permanency where the injury is subjective in character.

We described the circumstances when medical testimony was necessary to establish the extent or duration of an injury by this statement in *Parris v. Johnson, supra* at 860:

> Medical testimony is necessary when the question of injury or its extent and duration requires a special skill or knowledge to establish that it actually exists. If the common experience of ordinary men is sufficient to resolve the question of whether an injury occurred, or the extent and duration thereof, from nonmedical testimony, the jury can be allowed to receive the issue on the basis of lay testimony alone.

(Citation omitted.)

Our research discloses little disagreement in the cases over a statement of the applicable rule, but this apparent unanimity of courts generally in determining whether expert medical testimony is required where the injury and its symptoms are subjective vanishes when the principles are applied to specific injuries. *See* J. Stein, *Damages and Recovery: Personal Injury and Death Actions* § 16 (1972).[1] In *Carr*

---

[1]For a collection of cases, classified as to type of injury, which discuss sufficiency of evidence to support damages for future pain and suffering, see Annot., 18 A.L.R.3d 10 (1968).

*v. Martin*, 35 Wn.2d 753, 215 P.2d 411 (1950), which the plaintiff describes as factually identical to the case at bar, the plaintiff was involved in a rear end collision and suffered pain in his neck, back, eyes, and limbs and had difficulty in moving and turning. An instruction on future damages was given even though no medical evidence was presented and only lay witnesses testified. The defendants in *Carr* made essentially the same argument advanced by the defendant here—that the lay testimony related to subjective symptoms only and, there being no objective injuries, expert medical testimony was essential to support such an instruction on damages and to avoid jury speculation. However, the court in *Carr* avoided meeting defendants' argument head-on by classifying the injuries as objective and resolving the issue within the framework of the traditional rule:

> [W]e are of the opinion that the external shock to the body of respondent by the impact of the vehicles followed by pain in his head, back, and eyes, limping, difficulty in getting around and out of an automobile, groaning while so doing, and the appearance of swelling under the eyes and in his neck constitute an injury and *symptoms objective in character.*

(Italics ours. Citations omitted.) *Carr v. Martin, supra* at 757. The court noted at pages 759-60 that

> [a] reading of our cases . . . can easily lead to some confusion and a feeling that some of them are not wholly consistent with others. We find statements to the effect that each case to a large extent must depend upon its own facts and circumstances, and that what has been said in a particular opinion must be considered in the light of the situation before the court and cannot be given literal application to the facts of some other case

but declined any attempt to reconcile its decisions.

An example of a subjective injury is found in *Franco v. Fujimoto*, 47 Hawaii 408, 390 P.2d 740 (1964), a case upon which defendant relies, where the plaintiff suffered injuries to her shoulder and back as the result of striking her head against the windshield of the automobile in which she was

riding. The plaintiff testified she was still suffering pain in her shoulder and neck even though the only indication of injury was a small scar on her neck. The Hawaii court in *Franco* refused to permit the jury to consider prospective bodily suffering in the absence of medical testimony or objective symptoms.

■ It is the difficulty in application that has caused courts to decide the question of the necessity of medical evidence on an essentially case-by-case basis with results dependent upon the nature of the injuries involved. *See Orme v. Watkins*, 44 Wn.2d 325, 267 P.2d 681 (1954); *Olson v. Weitz*, 37 Wn.2d 70, 221 P.2d 537 (1950); *Brammer v. Lappenbusch*, 176 Wash. 625, 30 P.2d 947 (1934); *Lieske v. Natsuhara*, 165 Wash. 270, 5 P.2d 307 (1931); *Suprunowski v. Brown & White Cab Co.*, 142 Wash. 65, 252 P. 155 (1927); *Parris v. Johnson, supra; Cusumano v. Pepsi-Cola Bottling Co.*, 9 Ohio App. 2d 105, 223 N.E.2d 477 (1967); *Diemel v. Weirich*, 264 Wis. 265, 58 N.W.2d 651 (1953).

In the instant case, however, the plaintiff makes no serious contention that his injuries or his symptoms are other than subjective in character, nor can he reasonably do so. Dr. Benitez stated in discussing objective and subjective complaints,

> Well, pain is subjective. It is something that the patient feels and tells me about, whereas, objective findings is something that we can perceive for ourselves. A cut, for example, is an objective finding. I can see that myself even if the patient is unconscious.

Dr. Bradley described objective findings in the context of plaintiff's claimed injuries as a physical finding indicating muscle wasting or muscle tightness, or spasm or spinal deformity in an area due to spasm. Neither physician could detect any objective symptoms of plaintiff's injury or pain.

Given this record, which affirmatively demonstrates the inability of medical witnesses to predict any future consequences of plaintiff's injuries, and given complaints which are wholly subjective in nature, we cannot say, as plaintiff suggests, that the injury to his upper back and neck is such

that the common experience of ordinary men is sufficient to resolve the question of its extent and duration.[2] To the contrary, we believe special skill and knowledge is necessary to establish that pain or disability actually exists in the absence of any objective symptoms. In *Huss v. Vande Hey*, 29 Wis. 2d 34, 39, 138 N.W.2d 192, 195 (1965), where the plaintiff suffered neck and back injuries when his automobile was struck from the rear but he was unable to produce medical evidence of future pain and suffering, the Wisconsin Supreme Court made this pertinent observation:

> These are the types of injuries as to which the prognostications of one who is not medically qualified are insufficient to support a judgment for damages either as to permanence or as to future pain and suffering.

Where the injury is both subjective and of such a nature that laymen cannot with reasonable certainty know whether pain will continue, expert testimony couched in terms of reasonable probability is necessary to establish damages. The trial court correctly concluded that it was prejudicial error to give instruction No. 5 as to future damages.

The trial court also determined that instruction No. 6 was erroneously given because of the absence of any medical evidence based on reasonable medical certainty to support the instruction. Instruction No. 6 states,

> If you find that before this occurrence the plaintiff had a pre-existing bodily condition which made him more subject to injury than a person in normal health, then plaintiff is entitled to recover for all injuries and damages which were proximately caused by the occurrence,

---

[2] Amicus curiae directs us to *Olson v. Weitz*, 37 Wn.2d 70, 221 P.2d 537 (1950), for the proposition that even if there is medical evidence which contradicts the lay testimony of subjective complaints and there is an absence of objective evidence to explain the pain of which the plaintiff complains, it is not sufficient to take the issue of future damages from the jury. But the court made it clear in *Olson* that the decisive factor was the nature of the plaintiff's injuries, which involved a wound in the leg made to secure bone for a bone graft in plaintiff's arm. Such injuries are clearly objective in character even though the symptoms may be largely subjective. *Olson v. Weitz, supra*, is inapposite.

even though those injuries, due to that condition, may have been greater than those which would have been suffered by a normal person under the same circumstances. Plaintiff is also entitled to recover for the lighting up of the pre-existing condition. There may be no recovery, however, for any results which would have normally followed from the pre-existing condition had there been no accident nor for any physical ailment or disability not caused or contributed to by reason of the accident of December 14, 1971.

The only testimony of a preexisting bodily condition which made plaintiff more subject to injury than one in normal health was expressed in terms of "possibility" only; when Dr. Benitez was asked whether plaintiff's three prior injuries would necessarily increase the severity of the latter injuries, the doctor replied, "No, but that is possible." A physical condition cannot be established by testimony couched in terms of "possibility" only. *White v. Department of Labor & Indus.*, 41 Wn.2d 276, 248 P.2d 566 (1952); *Stampas v. Department of Labor & Indus.*, 38 Wn.2d 48, 227 P.2d 739 (1951); *Vaupell Indus. Plastics, Inc. v. Department of Labor & Indus.*, 4 Wn. App. 430, 481 P.2d 577 (1971). A better than "fifty-fifty" chance was held sufficient in *Bennett v. Messick*, 76 Wn.2d 474, 457 P.2d 609 (1969), but plaintiff fails to direct us to any authority that holds "possibility," "might," or "could" as an adequate expression of certainty. The record discloses an absence of substantial evidence to support a finding of a preexisting bodily condition making the plaintiff more susceptible to injury than one in normal health. Consequently, there is no factual basis for the instruction.

The order granting a new trial is affirmed.

WILLIAMS, C.J., and CALLOW, J., concur.

Petition for rehearing denied April 27, 1976.

Review granted by Supreme Court July 27, 1976.