[No. 20327. Department One. March 29, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. L. C. DONALDSON, *Appellant*.[1]

[1] LARCENY (25-1)—CORPUS DELICTI—EVIDENCE—SUFFICIENCY. A conviction of larceny of an automobile is sustained by the evidence where it appears that the car had been parked for several nights near the accused's taxi stand in Spokane, and he obtained a leave of absence at the time of its disappearance, and was shortly arrested in Seattle while attempting to sell the car, and told conflicting stories in explanation of his possession.

[2] CRIMINAL LAW (316)—TRIAL—INSTRUCTIONS—REQUESTS. It is not error to refuse requested instructions covered in a general charge.

[3] LARCENY (23)—EVIDENCE—ADMISSIBILITY—POSSESSION BY ACCUSED OF PROPERTY STOLEN. In a prosecution for the larceny of an automobile, found in the possession of accused and another to whom he had executed a bill of sale, such bill of sale is admissible where the accused was pointed out by the notary as the person who, in another name, had executed and acknowledged the bill of sale before him.

[4] CRIMINAL LAW (198)—TRIAL—INDORSEMENT OF WITNESSES— AMENDMENT OR CORRECTION. It is not an abuse of discretion to allow, at the trial, the correction of the name of a witness endorsed on the information as Mr. G by adding the initials of his given names.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered February 27, 1926, upon a trial and conviction of larceny. Affirmed.

*Edward M. Connelly*, for appellant.

*Chas. W. Greenough*, for respondent.

MITCHELL, J.—The defendant, L. C. Donaldson alias L. C. Williams, was charged with the larceny of a Dodge coupe, the property of Esther Ruby, of the value of one thousand dollars, committed in Spokane county, Washington, on or about November 19, 1925.

[1]Reported in 254 Pac. 456.

The verdict in the case was guilty as charged. An appeal has been taken from the judgment and sentence on the verdict.

[1] The testimony substantially showed that Esther Ruby, the owner of the coupe, was a travelling agent and as such had been at work in Spokane some days before the coupe was stolen. She, believing it was safe to do so, had parked the coupe each night next to a space assigned to and used by a taxicab company in front of a hotel in the city of Spokane. Appellant was one of the drivers for the taxicab company. On leaving the coupe at that place on the evening of November 18, she left in it a Gladstone bag containing a number of small articles and another hand bag containing small articles. The car was stolen, Esther Ruby the owner learning of it about noon the next day. Its value was shown to be six hundred and fifty dollars.

About that time, appellant got a short leave of absence from his employer, and a few days after the theft, he was arrested in Seattle while trying to sell the coupe to a second hand dealer. The coupe and the hand bag together with a number of the small articles it contained, which were testified to by the owner as being hers, were returned to her by the public authorities of Spokane county who took them over from Seattle. The evidence showed that the appellant, after he got to Seattle, gave a bill of sale of the coupe, in his other name of L. C. Williams, to one Carroll, and that together they were personally trying to sell the coupe to the second hand dealer who called in the police who arrested the appellant.

To the police of Seattle at different times and to a deputy sheriff of Spokane county who took the appellant from Seattle to Spokane, the appellant told

different stories. According to the testimony, one of his stories was that he got the coupe from a stranger in Spokane, who gave him fifteen dollars to take the coupe to Seattle and put it in a garage with instructions that it be delivered to no one but the stranger or his wife, and that when they failed to show up that he and Carroll tried to sell the coupe. Another account was that he and one Saunders registered by the appellant and taking one room in a hotel upon his arrival at Seattle, left Spokane with two cars, one being the coupe which Saunders drove and the other being a Studebaker that appellant claimed to have driven over to be delivered to the owner at Aberdeen; that he procured Saunders to drive the coupe for fifteen dollars, while the appellant was to get twenty-five dollars for the delivery of each car. Still another version was that, about the time the coupe was stolen, while he was on his taxicab stand, a stranger hired him for twenty-five dollars to drive a car to Seattle, and that through a claim check delivered to him he got the coupe from a garage in Spokane and that at his request Saunders drove the coupe while he, appellant, drove the Studebaker. No one by the name of Saunders appeared at the trial, his whereabouts were unknown.

The coupe, spoken of as a nice one, bore Kansas license plates before it was stolen, and every night and much of each day for about a week was parked alongside the taxicab stand from which the appellant operated during that week. In Seattle, the coupe had Washington truck license plates on it that the owner of the license plates identified as having been taken about that time from an unused truck he had stored on a vacant lot in Spokane. There was other evidence against the appellant, the details of which need not be set out. Notwithstanding appellant's assignment to

the contrary, we are of the opinion that, with these facts before the jury at the close of the state's case, the denial of his motion for a directed verdict was proper.

[2] Errors are assigned upon the giving of certain instructions and the refusal to give others requested. We have carefully examined them and without setting them out *in extenso* are of the opinion that those given were applicable and in form and substance such as have met approval in our former cases. Those refused were fairly and substantially covered by instructions that were given. *State v. Labbee,* 134 Wash. 55, 234 Pac. 1049; *State v. Adamo,* 128 Wash. 419, 223 Pac. 9.

[3] Appellant claims error in admitting in evidence the bill of sale made by appellant in his name of L. C. Williams to one Carroll, already referred to. As we understand it, the argument on behalf of the appellant in this respect is that one Robinson, who as notary public is purported to have taken the acknowledgment, was the only one competent or qualified to testify as to who executed the instrument. After his arrest, appellant was pointed out by Robinson in the police station in Seattle as the man who executed the instrument before him, and appellant at that time made no denial of the fact. The policeman's testimony of that fact was proper, and upon such testimony and proper identification of the instrument it was properly admitted in evidence. Besides, the appellant himself, upon testifying later on at the trial, admitted that he signed the bill of sale.

[4] One of the names endorsed on the information as a witness for the state was "Mr. Gordon". Counsel for the state, in his opening statement at the trial, mentioned certain proof that would be offered through "Mr. Gordon the manager of the Ridpath

hotel'' in that city. The next day when the manager of that hotel was called by the state as a witness it was learned that his name was S. T. Jordan. The prosecuting attorney then asked that the correct name be endorsed on the information. This was allowed over the objection of the appellant. There was no abuse of discretion on the part of the trial court in granting the request.

Another assignment of error is that the appellant was not permitted to testify to conversations he claimed to have had with Saunders in Tacoma. No citation or reference to any portion of the record is given by counsel in support of the assignment and, from an independent examination of the record, we find nothing to which the assignment relates, unless it was what appears to be self-serving matter that in our opinion was properly excluded. Other assignments are disposed of by what we have already said.

Affirmed.

MACKINTOSH, C. J., FULLERTON, FRENCH, and MAIN, JJ., concur.