[No. 40368. Department Two. July 3, 1969.]

THE STATE OF WASHINGTON, *Respondent,* v. LARRY A. GAGNON, *Appellant.**

*Wm. M. Hamilton* (of *Hamilton, Lynch & Kuntz*), for appellant (appointed counsel for appeal).

*E. R. Whitmore, Jr.* and *David J. Whitmore,* for respondent.

ENNIS, J.†—On May 7, 1968 Larry A. Gagnon was convicted by a jury of the crime of grand larceny. From entry of the judgment and sentence, he has appealed.

Appellant presents several assignments of error which are not joined in by his counsel and not argued in his brief. We find his contentions to be without merit, and we will not discuss them. The single issue presented by this appeal,

*Reported in 458 P.2d 164.

†Judge Ennis is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

advanced and argued by both appellant and his counsel in separate sections of appellant's brief, is whether the trial court erred in failing to dismiss the case on the basis of insufficient evidence.

On the evening of April 6, 1968, or shortly after midnight April 7, Mac McCann and his fishing companion, Marvin Sanders, were assaulted in their motel cabin in Wenatchee. Sanders was asleep when McCann responded to a knock at the door, only to be struck by a heavy object. McCann testified that following this event, "[T]he next thing I know there's a whole room full of people swinging bottles and clubs and what have you." When the two men regained consciousness, all of their personal belongings, including McCann's 1968 blue Volkswagen, license number DFK 363, were missing. A few hours later, appellant, Mr. Ironheart, and Pauline Ironheart were stopped by deputy sheriff Hively as they were driving McCann's car out of Wenatchee. Appellant was driving the car. Appellant and Mr. Ironheart were then transported to the Chelan County jail by a Cashmere police officer. Later that day the officer discovered, on the floor of the backseat of his patrol car, personal papers and a billfold belonging to Sanders and McCann. The remainder of the personal property belonging to McCann and Sanders, inventoried by them, was found in McCann's car.

At the trial, McCann was unable to identify appellant, as he had been knocked unconscious and never got a look at his assailants. McCann was also unable to remember the license number of his car. The stolen car was established as belonging to him, however, through the testimony of officer Gault, who identified it by checking the vehicle registration after appellant's arrest. Mr. Ironheart, the co-defendant in the larceny charge, who pleaded guilty, testified that he had been drinking with appellant, they had both gone to the victims' motel, a fight had ensued, and that was all he could remember until they were stopped by the police in McCann's car.

The main thrust of appellant's challenge to the sufficiency of the evidence is the inability of the victims to

identify him and the failure of McCann to positively identify the car. Regarding this second contention, appellant adds that the 1968 Volkswagen, license number DFK 363, was never identified as the car occupied by him at the time of his arrest.

Initially, we find that the car was adequately identified as belonging to McCann through the testimony of officer Gault, and established as the one driven by appellant at the time of his arrest through the testimony of the arresting officer, deputy sheriff Hively.

■ While it is true that mere possession of stolen property is insufficient to create a presumption of larceny, it is a circumstance which may be considered with all other facts in determining the guilt or innocence of the accused. *State v. Razey*, 54 Wn.2d 422, 341 P.2d 149 (1959). Possession here is coupled with the testimony of Mr. Ironheart placing appellant at the scene of the crime, and the testimony of the officer regarding the stolen articles found in the backseat of his patrol car used to transport appellant and Ironheart.

We believe that there was ample evidence in this case to justify its submission to the jury and to support a finding of guilty.

The judgment is affirmed.

HUNTER, C. J., HILL, HALE, and NEILL, JJ., concur.