976

[No. 242-41132-1.    Division One.    February 24, 1970.]
Panel 1

THE STATE OF WASHINGTON, *Respondent,* v. JOE P. GRAN-
VILLE, *Appellant.*

*Lowell K. Halverson,* for appellant (appointed counsel
for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *David W.
Hotchkin, Deputy,* for respondent.

FARRIS, J.—The defendant, Joe P. Granville, was con-
victed of two counts of forgery in the first degree. From
this judgment the defendant has appealed.

Granville was observed by officers of the Seattle Police
Department leaving a tavern in the company of Glenn E.
Goit and Phillip G. Gibson. They entered an automobile
and drove off with Gibson driving, Goit on the passenger
side of the front seat and Granville in the rear seat.

Approximately one-half hour later they stopped near the
Fidelity Mutual Savings Bank where Goit cashed a forged
payroll check for $145.60 presenting identification of "Jesse
Malone" the named payee.

They then drove to a branch of the Seattle First National
Bank where Goit again cashed a forged check in the
amount of $145.60 payable to "Jesse Malone." This time a
detective of the Seattle Police Department observed him
cash the check, immediately arrested him and signaled

other detectives who arrested Gibson and the defendant in the waiting automobile.

An envelope containing 12 more forged checks payable to "Jesse Malone" and another envelope containing 15 forged checks payable to "Donald V. Atkinson" were found on the front seat of the automobile. In the defendant's left shirt pocket was found identification consisting of a driver's license and a social security card in the name of "Donald V. Atkinson." He also carried identification in his own name.

Granville was charged with willfully and knowingly aiding and abetting Goit in the forging of the two "Malone" checks. The fact that Goit forged the two checks is not in dispute. The state introduced the packet of "Atkinson" checks found on the front seat of the car and the false "Atkinson" identification found in the defendant's shirt pocket.

It is defendant's contention that the trial court erred in admitting the "Atkinson" evidence.

He relies on the well-established rule that the admission of evidence of unrelated crimes is highly prejudicial and constitutes error. See *State v. Goebel*, 36 Wn.2d 367, 218 P.2d 300 (1950).

There are exceptions to this rule. Such evidence is admissible to show :

(1) motive, (2) intent, (3) the absence of accident or mistake, (4) a common scheme or plan, or (5) identity.

*State v. Goebel, supra* at 369.

In *State v. Niblack*, 74 Wn.2d 200, 206, 443 P.2d 809 (1968) the Supreme Court said:

There is another class of cases in which evidence of misconduct of the defendant may be received. That class includes cases which involve other criminal acts which are an inseparable part of the whole deed. [Cases cited.]

Such evidence is not open to the objections which justify exclusion of other unrelated crimes. It does not raise the possibility that the jury will condemn the defendant, although he is innocent of the act charged, because it is prejudiced by his former crimes; and the defendant can-

not claim surprise, because the misconduct is an integral part of the crime charged.

There was no error in admitting the "Atkinson" evidence. That evidence, found in the car, was so much a part of the same transaction that it was direct evidence of the crime charged. The complained of evidence could have been used to show a separate and distinct crime but its use was not so limited. It was sufficiently related to the offense on trial as to form a part of the same transaction. *State v. Priest,* 132 Wash. 580, 232 P. 353 (1925); *State v. Niblack, supra.*

The judgment is affirmed.

JAMES, C. J., and SWANSON, J., concur.