[No. 346-1. Division One—Panel 2. April 12, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. MARVIN HATCH, *Appellant.*

*McIntosh & Simmons* and *Phil McIntosh,* for appellant.

*Robert E. Schillberg, Prosecuting Attorney,* and *Terrance H. Neal, Deputy,* for respondent.

JAMES, J.—Marvin Hatch was convicted of that variety of larceny generally described as "receiving stolen property."[1] Hatch testified that he was a shingle broker and a manufacturer of red cedar shims. The information charged that Hatch, with intent to deprive the owner thereof, "did . . . receive or aid in concealing and withholding . . ." seven squares of 24-inch cedar shakes and 141 bundles of 16-inch cedar shakes which he knew to have been wrongfully appropriated.

The shakes had been stolen from a shingle mill, and some of them were, on the following day, traced to Hatch's place of business. Hatch told the arresting officer that he had bought the shakes from a man whose name he could not remember. This was also his testimony at trial.

Investigating officers made plaster casts of tire impressions found at the victimized shingle mill. Plaster casts of similar impressions, identified as having been made by Hatch's truck, were likewise preserved. Both were admitted as exhibits.

Hatch offered as an exhibit a print of a tire track produced, he said, by driving his truck over carbon paper. The

---

[1]"Every person who, with intent to deprive or defraud the owner thereof—

". . .

"(5) Every person who, knowing the same to have been so appropriated, shall bring into this state, or buy, sell, receive or aid in concealing or withholding any property wrongfully appropriated, whether within or outside of this state, in such manner as to constitute larceny under the provisions of this chapter—

"Steals such property and shall be guilty of larceny." RCW 9.54.010(5).

impressions preserved by the state had been made some 14 months earlier.

The state objected to Hatch's exhibit on the ground that it was the product of an experiment and that physical considerations made a meaningful comparison impossible. The exhibit was refused. Hatch assigns error.

■ The admissibility of experimental evidence must be judged on the basis of its quality. Is the evidence calculated to clarify or will it more likely confuse? This is a consideration which must be resolved by the trial judge. Necessarily, a large measure of discretionary judgment is involved. Unless a trial judge has manifestly abused his discretionary power, his determination will not be overruled by an appellate court.

As in the early case of *Lasityr v. Olympia*, 61 Wash. 651, 657, 112 P. 752 (1911), "we are not prepared to say that it would have been error to admit . . ." the exhibit. However, the trial judge did not abuse his discretion in rejecting the offer. *Goodner v. Chicago, M., St. P. & Pac. R.R.*, 61 Wn.2d 12, 377 P.2d 231 (1962).

It was discovered that another manufacturer's label had been affixed to some of the bundles of shakes traced to Hatch. Evidence was admitted that Hatch had sold shakes and shingles similarly mislabeled.

Relying upon the well-established rule that admission of evidence tending to prove an unrelated crime is grossly prejudicial, Hatch assigns error. *State v. Goebel*, 36 Wn.2d 367, 218 P.2d 300 (1950).

■■ An essential element of the crime of receiving stolen property is scienter, knowledge that the property possessed was "wrongfully appropriated." The evidence of similar transactions tended to establish Hatch's necessary guilty knowledge. The testimony to which Hatch assigns error tended to prove that Hatch was engaged in a systematic scheme or modus operandi.

> [The] rule, however, has its well-defined and well-recognized exceptions, as where the element of motive, intent, identity, guilty knowledge, or a systematic scheme or plan is involved. In such instances, evidence of similar

transactions may, in proper cases, be received to establish a constituent element of the crime charged, even though it may at the same time tend to prove the commission of other criminal offenses.

*State v. Salle*, 34 Wn.2d 183, 189, 208 P.2d 872 (1949). *See also State v. Hennings*, 3 Wn. App. 483, 475 P.2d 926 (1970).

■ Additionally, some of the evidence concerning which Hatch complains was directly relevant to the charge against him, and although possibly involving other criminal acts, it was an inseparable part of the state's case. *State v. Granville*, 1 Wn. App. 976, 465 P.2d 693 (1970).

■ Hatch's further assignments of error are all in the nature of a challenge to the sufficiency of the evidence to support a guilty verdict. Again, Hatch relies upon a familiar rule, *i.e.*, that mere possession of stolen property does not create a presumption that the possession is larcenous. Possession is, however, a relevant circumstance to be considered with other evidence tending to prove the elements of the crime. *State v. Tollett*, 71 Wn.2d 806, 431 P.2d 168 (1967).

Certainly, possession of recently stolen property calls for an explanation. An explanation that cannot be checked or rebutted is suspect by "reasonable man" standards. *State v. Douglas*, 71 Wn.2d 303, 428 P.2d 535 (1967). Hatch's account of his acquisition of the shakes could not be verified.

Possession of recently stolen property and a dubious account concerning its acquisition is sufficient to present a question of fact and to meet the "beyond a reasonable doubt" test of criminal evidence.

> When a person is found in possession of recently stolen property, slight corroborative evidence of other inculpatory circumstances tending to show his guilt will support a conviction. When the fact of possession of recently stolen property is supplemented by the giving of a false or improbable explanation of it, . . . a case is made for the jury.

(Footnotes omitted.) 4 C. Nichols, Applied Evidence, Pos-

session of Stolen Property § 29 at 3664 (1928). *Accord,* *State v. Portee,* 25 Wn.2d 246, 170 P.2d 326 (1946).

Evidence, both circumstantial and direct, fully supports the guilty verdict. The challenge to the sufficiency of the evidence was properly denied.

The judgment is affirmed.

FARRIS, A.C.J., and SWANSON, J., concur.