[No. 492-2.   Division Two.   June 7, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES M. SMYTH, *Appellant.*

*Mark F. Andrews, Jr.,* for appellant (appointed counsel for appeal).

*Henry R. Dunn, Prosecuting Attorney,* and *Ronald B. Webster, Deputy,* for respondent.

PEARSON, J.—Defendant, Charles M. Smyth, was convicted of grand larceny by a jury in the Superior Court for Cowlitz County. The gravamen of the offense was that he was knowingly in possession of stolen property consisting of stereo equipment and accessories, under the provisions of RCW 9.54.010(5).[1] He appeals the judgment and sentence.

The facts giving rise to his conviction were as follows. The Longview Police Department was contacted in the early morning hours of February 2, 1971 by a Mrs. Elaine Hughes, defendant's mother-in-law. She stated that she had observed stereo equipment in defendant's residence, and, knowing he had no money, she suspected that he had come by the equipment illegally. Later, at the police station, Mrs. Hughes gave a close description of several of the items to an Officer Bourdage that, in the officer's opinion, matched almost exactly with property recently reported as stolen.

Officer Bourdage went before Judge Ferris A. Albers of the District Justice Court for Cowlitz County, and, under oath, related the events that had transpired, adding further that the informant was considered reliable, as she had furnished previously reliable information to the police department. A search warrant was issued on February 2, 1971, defendant's home was searched, and the incriminating evidence was seized.

At the trial, defendant stated that he had purchased the equipment for $200 from an Ed Ross. Defendant said he had met Ross in a tavern, and that Ross was being evicted from his apartment and wished to sell the equipment so that he could return to California. Defendant admitted the equipment was worth well in excess of $200, and also testified that he had received a bill of sale, but had lost it. He

---

[1]RCW 9.54.010(5) provides: "Every person who, knowing the same to have been so appropriated, shall bring into this state, or buy, sell, receive or aid in concealing or withholding any property wrongfully appropriated, whether within or outside of this state, in such manner as to constitute larceny under the provisions of this chapter—
"Steals such property and shall be guilty of larceny."

also admitted that he had visited two or three times the residence from which the equipment was stolen.

During the trial, Mrs. Hughes was allowed to testify that she had read a letter handed to her by her daughter (defendant's wife) that defendant had written while in jail, in which he stated that it would be to his benefit to have a bill of sale for the equipment. Also, a friend of defendant's, Harold Sheridan, was allowed over objection to testify that he and defendant's wife traveled to Deer Island to obtain a fictitious bill of sale for defendant, but stated that defendant had no knowledge of their attempt to do so.

Defendant sets forth several assignments of error on appeal: (1) the search warrant was not based upon probable cause; (2) the letter testified to by Mrs. Hughes was a privileged communication between husband and wife and was inadmissible; (3) the testimony of Harold Sheridan was also inadmissible under the marital privilege, as it related to the same privileged communication; (4) the court erred in failing to grant motions for a mistrial and dismissal; (5) the court erred in denying defendant instructions relating to intent (proposed instruction 7), appropriation in good faith (proposed instruction 10), and the state's failure to call a competent witness (proposed instruction 12); and (6) the cumulative effect of the court's errors denied defendant a fair trial. We find all defendant's assignments to be without merit, except for the court's refusal to give defendant's proposed instruction 10.

The search warrant was based upon probable cause. While the affidavit itself is incomplete, Officer Bourdage went before the district judge and, under oath, gave oral information concerning probable cause. This is a proper procedure. There is no requirement that an officer's sworn statement before a magistrate be reduced to writing. *State v. Walcott*, 72 Wn.2d 959, 435 P.2d 994 (1967); *State v. Malbeck*, 69 Wn.2d 695, 419 P.2d 805 (1966).

The district judge testified at the suppression hearing that Officer Bourdage stated the informant had provided reliable information in the past and presently had provided

a detailed account of the equipment she had observed which matched almost exactly with equipment on a stolen property list. These were sufficient underlying circumstances from which the officer could conclude that the informant was credible or her information reliable. As Mrs. Hughes was familiar with defendant's apartment and his possessions, and as she observed the equipment herself, these were sufficient underlying circumstances from which the informant could conclude the equipment was where it was claimed to be. *Spinelli v. United States*, 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969); *Tacoma v. Mundell*, 6 Wn. App. 673, 495 P.2d 682 (1972); *United States v. Harris*, 403 U.S. 573, 29 L. Ed. 2d 723, 91 S. Ct. 2075 (1971).[2]

The letter testified to by Mrs. Hughes and the testimony of Harold Sheridan were *not* inadmissible under the marital privilege. Defendant admitted that he knew all outgoing mail from the jail was read before it was sent out. Such a letter cannot be intended to be, nor is it, in fact, a *confidential* communication. *State v. Grove*, 65 Wn.2d 525, 398 P.2d 170 (1965).

It was also proper for the trial court to refuse defendant's motion for dismissal. Defendant's bare possession of stolen property is insufficient in itself to justify a conviction, as he contends. However, defendant gave an explanation for his possession that could not be checked and could be considered dubious (*i.e.*, that the equipment was purchased at a discount price from a tavern acquaintance who was being evicted from his apartment and wanted to leave town). *State v. Hatch*, 4 Wn. App. 691, 483 P.2d 864 (1971). This "story" plus the evidence of an attempt to procure a bill of sale and the evidence that defendant had visited the victim's home presented "indicatory evidence on collateral points" sufficient to submit the question of defendant's guilt

---

[2] In the recent case of *United States v. Harris*, 403 U.S. 573, 29 L. Ed. 2d 723, 91 S. Ct. 2075 (1971) the Supreme Court directed its attention to whether the affidavit "contained a substantial basis for crediting the hearsay."

to the jury. *State v. Beck,* 4 Wn. App. 306, 309, 480 P.2d 803 (1971).

Defendant's proposed instruction 7 on intent was properly denied.[3] Three instructions that were given adequately covered the element of intent. Instruction 6 stated, in part, that a necessary element to proof of the offense was in showing beyond a reasonable doubt that defendant had knowledge of the wrongful taking of the stereo equipment. Instruction 7 defined the word "knowingly." Instruction 8 stated that willfully, unlawfully and feloniously means intentionally and purposely, but not accidentally.

Defendant's proposed instruction 12 was also properly denied. This instruction stated the "missing witness rule," which permits the jury to infer from an unexplained failure of the state to call a competent witness that the testimony, if produced, would have been unfavorable to the state.

■ The state failed to call an Officer Jackson who was present during the search of defendant's home and also had allegedly received previously reliable information from Mrs. Hughes. Officer Jackson's testimony would have been merely cumulative at the trial, and consequently the rule does not apply. *State v. Davis,* 73 Wn.2d 271, 438 P.2d 185 (1968). Officer Bourdage adequately testified to the search of defendant's home, and no issue was raised during the trial concerning either the method of the search itself or statements made during that time. The issue of the informant's reliability was settled at the suppression hearing and was not before the jury.

■ We conclude that it was not error to deny the motion for a mistrial or for a new trial on any or all of the aforementioned claimed errors. *Peterson v. Gilmore,* 5 Wn.

[3]Defendant's proposed instruction 7 read as follows: "Intent must be proved before there can be a conviction. A person who knowingly does an act which the law forbids, or knowingly fails to do an act which the law requires to be done, intending with bad purpose either to disobey or disregard the law, may be found to act with specific intent. An act or failure to act is knowingly done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason."

App. 55, 485 P.2d 622 (1971). However, we are compelled to reverse the judgment because of the trial court's refusal to give defendant's proposed instruction 10. This proposed instruction is an exact quotation from RCW 9.54.120 and read as follows:

> In any prosecution for larceny it shall be a sufficient defense that the property was appropriated openly and avowedly under a claim of title preferred in good faith, even though the claim be untenable.

The Supreme Court has stated:

> We have held that refusal to give the instruction based on the statutory defense [RCW 9.54.120] is, in other than larceny by false representation, reversible error where there is evidence upon which the instruction could be based.

*State v. Heyes,* 44 Wn.2d 579, 588, 269 P.2d 577 (1954). That case involved a larceny conviction under RCW 9.54.010(4) where one receives another's property by reason of a mistake, realizes the mistake, and nevertheless appropriates the property to his own use. However, we see no distinction between that statutory offense and the larceny offense involved in the present case (RCW 9.54.010(5)), at least to the extent that the defense set forth in RCW 9.54.120 should apply to both.

The defense is appropriate under RCW 9.54.010(4), since an element of that offense is defendant's knowledge of his mistake (*i.e.,* knowledge that the property rightfully belonged to someone else). *State v. Heyes, supra.* The same defense is appropriate under RCW 9.54.010(5), since an element of that offense is knowledge that the property was wrongfully appropriated from someone else.

In the present case, defendant testified that he had purchased the equipment from an Ed Ross without knowing it was stolen, and had received a bill of sale. It is also clear that the equipment was displayed openly in the defendant's home, where it could be seen by visitors. As no other instruction given covered defendant's defense of a good faith claim of title, defendant was entitled to an in-

struction based upon RCW 9.54.120, and it was reversible error to deny it.

Reversed.

PETRIE, C.J., and ARMSTRONG, J., concur.