[No. 1186-2.    Division Two.    August 20, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. MARJORIE FAYE PISAURO, *Appellant*.

*Michael H. Hicks*, for appellant.

*James E. Carty, Prosecuting Attorney*, and *Philip G. Marshall, Deputy*, for respondent.

JOHNSON, J.*—The appellant, Marjorie Pisauro, and a

---

*Judge Bertil E. Johnson is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

codefendant, Roger Nugen, were originally charged by information on two counts—one for larceny by possession and the other charging burglary. Appellant was arraigned, and entered a plea of not guilty.

At the close of the State's case-in-chief, the State amended the information by deleting the serial numbers of the guns which were the subject of the theft and by charging appellant with larceny by possession only. No objection to the amended information was made by the appellant. The guns were identifiable not only by the serial numbers, but also by unique identifiable characteristics.

Appellant was not arraigned on the amended information and now claims error was committed because of that failure. The crime charged, the manner in which the crime was committed, the guns, less the serial numbers—all were the same as those charged in the original information. The question presented is: Was the amendment one of form only, or of substance?

In *State v. Hurd*, 5 Wn.2d 308, 105 P.2d 59 (1940), the court said, at page 312:

> It is well settled that a substantial amendment of an information requires that the accused be arraigned on the amended information.  . . .
> Where, however, the amendment is merely one of form, and not of substance, no rearraignment is necessary.

We hold that under the circumstances of this case the amendment was one of form and not of substance. *State v. Perkerewicz*, 4 Wn. App. 937, 486 P.2d 97 (1971); *State v. Jennen*, 58 Wn.2d 171, 361 P.2d 739 (1961); *State v. Graeber*, 46 Wn.2d 602, 283 P.2d 974 (1955).

We turn now to the appellant's second assignment of error, that the court erred by stating in instruction No. 1 that the defendant had entered a plea of not guilty. In view of our holding above, the assignment of error is without merit.

The appellant next assigns as error the court's denial of

her motion for arrest of judgment or for a new trial because of the insufficiency of the evidence.

A fair statement of the facts as revealed by the record, which we have carefully read, discloses the following. On March 8, 1973, LeRoy Smith's apartment was burglarized and several guns, including three pistols, three shotguns, and five rifles, as well as a bedspread and a leather coat, were taken. Smith reported the theft to the police; the guns, which had identifiable characteristics, were identified by him. On the same day, Nugen drove a car to the home of Robert Stirton, where he brought in approximately 10 guns, folded in a bedspread or blanket. Mr. Stirton bought two guns for $40, and while this transaction took place Mr. Stirton noticed there was an unidentified person sitting in the car. At about 6 p.m. the same day, Nugen and the defendant went to the home of defendant's sister, Sharon Newton, to inquire whether she would take care of defendant's child. At that time Nugen, in the presence of the defendant, inquired whether Mrs. Newton's husband would be interested in purchasing guns which were in the car. Mrs. Newton inquired where the guns came from, and the defendant responded "they came from California"; Mrs. Newton asked if the guns were stolen, and neither Nugen nor the defendant answered.

Later that evening sheriff's deputies stopped the car driven by Nugen, with defendant a passenger, and advised both of them they had reason to believe there were firearms in the trunk of the car. Defendant refused to open the trunk. When the trunk was opened by the deputies, they discovered the bedspread in which the guns were rolled. The defendant acted surprised when the trunk came open, and both she and Nugen became nervous when the guns and bedspread were found. Defendant and Nugen were placed under arrest and the guns and bedspread were seized.

The defendant presented no evidence and rested her case on the motion to dismiss at the close of the State's case.

It has long been the law in this state that bare

possession of recently stolen property alone is not sufficient to justify a conviction. *State v. Douglas,* 71 Wn.2d 303, 428 P.2d 535 (1967); *State v. Humason,* 5 Wash. 499, 32 P. 111 (1893). In *State v. Portee,* 25 Wn.2d 246, 252-53, 170 P.2d 326 (1946), the Supreme Court approved a

> quote from 1 Wharton's Criminal Evidence (11th ed.) 198, § 191:
>
> " . . .
>
> "Mere possession of stolen goods, unaccompanied by other evidence of guilt, is not to be regarded as prima facie evidence of burglary. *But the rule is otherwise when there is indicatory evidence on collateral points.*"

Also approved by the court in *State v. Portee, supra* at 253-54 was a quote from a

> section in 4 Nichols on Applied Evidence 3664, § 29:
>
> "SUFFICIENCY IN CONNECTION WITH OTHER EVIDENCE. Possession of recently stolen property, in connection with other evidence tending to show guilt, is sufficient to warrant a conviction. When a person is found in possession of recently stolen property, slight corroborative evidence of other inculpatory circumstances tending to show his guilt will support a conviction. When the fact of possession of recently stolen property is supplemented by the giving of a false or improbable explanation of it, *or a failure to explain when a larceny is charged,* . . . a case is made for the jury."

(Italics ours.)

In *State v. Portee, supra,* the defendant gave a fictitious name, a false address, an explanation that could not be checked or rebutted, and an improbable explanation.

The following cases are examples of "indicatory evidence on collateral points." *State v. Donaldson,* 143 Wash. 88, 254 P. 456 (1927) (possession, attempt to sell, plus conflicting explanation of possession) (grand larceny); *State v. Mevis,* 53 Wn.2d 377, 333 P.2d 1095 (1959) (possession of recently stolen property, plus strong "indicatory evidence on collateral points,") (second-degree burglary); *State v. Razey,* 54 Wn.2d 422, 341 P.2d 149 (1959) (possession, evidence placing defendant in vicinity, plus possession 20 minutes after escape from jail) (burglary and grand larceny); *State v.*

*Douglas*, 71 Wn.2d 303, 428 P.2d 535 (1967) (bare possession of recently stolen property, plus improbable explanation that could not be checked or rebutted) (larceny by possession); *State v. Tollett*, 71 Wn.2d 806, 431 P.2d 168 (1967) (possession of stolen property, plus giving a fictitious name to purchaser) (larceny by possession); *State v. Gagnon*, 76 Wn.2d 347, 458 P.2d 164 (1969) (possession of stolen property, plus testimony placing defendant at the scene) (grand larceny); *State v. Ladely*, 82 Wn.2d 172, 509 P.2d 658 (1973) (possession plus the giving of false explanation, or one improbable or difficult to verify) (grand larceny by receiving and concealing stolen property). *See also State v. Smyth*, 7 Wn. App. 50, 499 P.2d 63 (1972); *State v. Hatch*, 4 Wn. App. 691, 483 P.2d 864 (1971); *State v. Beck*, 4 Wn. App. 306, 480 P.2d 803 (1971); *State v. Haverty*, 3 Wn. App. 495, 475 P.2d 887 (1970); *State v. Rye*, 2 Wn. App. 920, 471 P.2d 96 (1970).

In this case, in addition to the bare possession of recently stolen property the following "indicatory evidence on collateral points" is available to establish sufficient evidence to send the case to the jury.

1. Defendant was present when her companion attempted to sell the guns and stated that they were in her car. Later, she acted surprised and disclaimed knowledge of the weapons, a disclaimer inconsistent with her statement that the guns were from California.

2. Defendant refused to answer the question as to whether the guns were stolen. Admissions by silence prior to arrest are competent evidence. *State v. Lounsbery*, 74 Wn.2d 659, 445 P.2d 1017 (1968).

It is our opinion that there was sufficient evidence to submit this case to the jury.

The last claim of error is that the information failed to state a crime and in support thereof defendant points out that the charge failed to include the word "willfully." The information did allege defendants unlawfully and feloniously deprived another of his property. It is sufficient

charge of the overt act constituting the offense when charging the crime of grand larceny to say that the defendant did unlawfully and feloniously deprive another of his property. *In re Van Wagner*, 24 Wn.2d 99, 163 P.2d 574 (1945); *United States v. O'Brien*, 255 F. Supp. 755 (E.D. Mich. 1965), *aff'd*, 365 F.2d 601 (6th Cir. 1966).

Judgment affirmed.

LEAHY (A.C.J.) and RUMMEL, JJ. Pro Tem., concur.