336

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL
BUDINICH, *Appellant*.

*Kempton, Savage & Gossard* and *Anthony Savage*, for
appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Jack Meyerson, Deputy,* for respondent.

JAMES, J.—At jury trial, Michael Budinich was convicted of grand larceny for allegedly fencing sonar devices stolen by the purchasing agent of the manufacturer of the equipment. This was Budinich's second trial on the charge. The first had ended in a mistrial because of a hung jury. The critical issue at trial was whether Budinich knew that the units were stolen or whether he believed that he was legitimately selling them for the purchasing agent.

Budinich concedes that there was substantial evidence produced at trial to support his conviction. We agree. He contends, however, that accumulated errors, provoked by an overzealous prosecution, deprived him of a fair trial. We agree.

Budinich's principal claim of error concerns the giving of instruction No. 7 to which he took exception. The instruction was:

> Where a person is accused of larceny, proof of recent possession of property alleged to have been stolen is not of itself sufficient to justify a conviction of larceny.
> The possession of recently stolen property when possession of such property is coupled with slight corroborative evidence of other inculpatory circumstances tending to show guilt is sufficient to convict.

The prosecution persuaded the trial judge that the rationale of *State v. Portee,* 25 Wn.2d 246, 170 P.2d 326 (1946) compelled his giving the instruction. The wording of the instruction closely follows that of a headnote in the Washington report of the case. It is an accurate and appropriate statement of the law where, as in *Portee,* the issue is a challenge to the sufficiency of the State's evidence. *State v. Hatch,* 4 Wn. App. 691, 483 P.2d 864 (1971). But it is not an appropriate instruction for the guidance of the jury in its function as trier of the issues of fact.

■ The fact that property possessed was recently stolen is relevant and material circumstantial evidence. Its significance is an appropriate subject for argument by counsel, but it is a factual matter which, by express constitutional mandate, may not be commented upon by a trial judge. Const. art. 4, § 16. The danger inherent in judicial comment upon an evidentiary matter is well illustrated by instruction No. 7. The reference to "*other* inculpatory circumstances tending to show guilt" (italics ours) could have been understood by the jurors to mean that the judge considered possession of recently stolen property to be an "inculpatory" circumstance as a matter of law. But recently stolen property may have been acquired innocently.

■ A further fundamental defect in the instruction is that it negates the prosecution's burden of proving guilt beyond a reasonable doubt. By an appropriate instruction, the jury was told that the State's burden was to prove Budinich's guilt beyond a reasonable doubt. But by instruction No. 7, the jury was inconsistently told that they could convict if they found possession, which Budinich admitted, coupled with "slight corroborative evidence of other inculpatory circumstances *tending* to show guilt." (Italics ours.) Evidence which merely "tends" to show guilt is not necessarily evidence which *establishes* guilt beyond a reasonable doubt. As a matter of law, possession coupled with slight corroborative evidence of other inculpatory circumstances tending to show guilt *is* sufficient to meet a challenge, but the trier of fact must find that the fact of possession and slight corroborative evidence of other inculpatory circumstances *establishes* guilt beyond a reasonable doubt.

■ The proof of Budinich's guilt was persuasive. Had there been no other error of significance, we would affirm his conviction on the familiar ground that inconsistency in the instructions was not so prejudicial as to deny Budinich a fair trial. However, the record reveals that the prosecutor's zeal impelled him to persistently attack Budinich's character by attempting to present evidence of other crimes

and acts of misconduct. Although the trial judge sustained some of Budinich's objections, we are satisfied that the cumulative result of the prosecutor's conduct denied Budinich a fair trial.

Reversed.

FARRIS, C.J., and SWANSON, J., concur.

Petition for rehearing denied August 30, 1977.

Review by Supreme Court pending March 3, 1978.