FILED
COURT OF APPEALS
DIVISION II

2013 JUN 11 AM 10: 40

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43251-0-II |
| Respondent, | |
| v. | |
| ANTHONY W. GEORGE, JR., | UNPUBLISHED OPINION |
| Appellant. | |

PENOYAR, J.—Anthony William George, Jr., appeals his conviction for possession of a stolen motor vehicle, arguing that the evidence was insufficient to support his conviction. He raises an additional issue in a Statement of Additional Grounds (SAG). We affirm.[1]

### FACTS

In early November, Hircias Duarte, a baker for Heavenly Donuts, parked his white delivery van behind the business. He went inside, leaving the van unlocked with the keys in the ignition. When he went back outside, he could not find the van. He reported the van stolen.

On November 6, George drove a white van to the property of Melvin Fagerness and his son, Robin Fagerness. Robin recognized George as the son of a friend. George asked if he could stop to roll a cigarette and Melvin showed him where to park the van. At some point, George left with the van.

Late the next day, Robin observed what he thought was the same van parked on the property behind a fifth wheel trailer that Robin occupied with his fiancée, Juanita Winter. The van was unoccupied. Winter and Robin went to bed and Winter heard doors opening and closing

---

[1] A commissioner of this court initially considered this appeal as a motion on the merits under RAP 18.14 and then referred it to a panel of judges.

several times followed by a "loud bang." Report of Proceedings (RP) at 98. She called the police.

Deputy Sheriff James Esslinger responded at about 9 P.M. He observed that the Fagerness property was a large lot containing a residence, several outbuildings, and a fifth wheel trailer. He saw a white van parked next to the trailer. He checked the van's hood and it felt warm. He looked in the van's windows and saw the keys in the ignition and a sleeping bag and some gas cans in the back.

He reported the van's license plate number to dispatch and dispatch advised him that the van was reported stolen. He asked dispatch to confirm and walked around the property while he waited for a response. He looked in all of the outbuildings but did not see anyone. He then noticed a person "hiding" behind the fifth wheel trailer "tucked in close to the trailer, down on the ground." RP at 59-60. Esslinger spoke to the man and he identified himself as George. Esslinger asked George what he was doing behind the trailer and he responded that he was "trying to clear his head, thinking about his girlfriend." RP at 61. Esslinger asked him about the van and he stated that his girlfriend was driving the van "and he had to jump from it." RP at 61. He then instead stated that his sister drove the van. Esslinger arrested George.

The State charged George with possession of a stolen motor vehicle and a jury convicted him. RCW 9A.56.068(1). He appeals his conviction.

## ANALYSIS

George argues that the State presented insufficient evidence that he "knowingly possessed" a stolen vehicle. Br. of Appellant at 3.

43251-0-II

## I.   STANDARD OF REVIEW

Evidence is legally sufficient to support a guilty verdict if any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the elements of the charged crime beyond a reasonable doubt. *State v. Longshore*, 141 Wn.2d 414, 420-21, 5 P.3d 1256 (2000). We interpret all reasonable inferences in the State's favor. *State v. Hosier*, 157 Wn.2d 1, 8, 133 P.3d 936 (2006). Direct and circumstantial evidence carry the same weight. *State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004). Credibility determinations are for the trier of fact and are not subject to review. *State v. Cantu*, 156 Wn.2d 819, 831, 132 P.3d 725 (2006).

## II.   SUFFICIENT EVIDENCE SUPPORTS THE TRIAL COURT'S VERDICT

Under RCW 9A.56.069(1) [2] and RCW 9A.56.140(1), [3] the State was required to provide beyond a reasonable doubt that George "knowingly possessed a stolen motor vehicle." The fact finder may infer knowledge if "a reasonable person would have knowledge under similar circumstances." *State v. Womble*, 93 Wn. App. 599, 604, 969 P.2d 1097 (1999) (citing *State v. Shipp*, 93 Wn.2d 510, 516, 610 P.2d 1322 (1980)).

---

[2] RCW 9A.56.068(1) provides:
> A person is guilty of possession of a stolen vehicle if he or she possess [possesses] a stolen motor vehicle.

[3] RCW 9A.56.140(1) provides:
> "Possessing stolen property" means knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto.

3

Mere possession of recently stolen property is insufficient to establish that the possessor knew the property was stolen. *State v. Couet*, 71 Wn.2d 773, 775, 430 P.2d 974 (1967); *State v. Hatch*, 4 Wn. App. 691, 694, 483 P.2d 864 (1971). But possession of recently stolen property, coupled with "slight corroborative evidence," is sufficient to prove knowledge. *Womble*, 93 Wn. App. at 604 (internal quotation marks omitted) (quoting *Couet*, 77 Wn.2d at 776). Corroborative evidence includes "a dubious account concerning its acquisition." *Hatch*, 4 Wn. App. at 694 (quoting 4 C. NICHOLS, APPLIED EVIDENCE, POSSESSION OF STOLEN PROPERTY § 29 at 3664 (1928)).

Evidence of George's changing story as to who drove the van, his evasive behavior, and his questionable explanation as to why he was crouching behind the fifth wheel trailer after dark constitutes sufficient corroborative evidence to support the jury's finding that George knew the vehicle was stolen. *See State v. L.A.*, 82 Wn. App. 275, 276, 918 P.2d 173 (1996). Thus, the State presented sufficient evidence to support the conviction.

III.     STATEMENT OF ADDITIONAL GROUNDS

In his SAG, George argues that the trial court improperly admitted Esslinger's testimony that he was hiding when Esslinger found him. He asserts that prior to trial, Esslinger reported that he found George sitting next to the trailer smoking a cigarette but at trial he instead testified that George was "hiding" behind the fifth wheel trailer "to make it look as though I knew the van was stolen." SAG at 1.

George's attorney objected to Esslinger's use of the term "hiding" as argumentative but the trial court overruled the objection and suggested that the subject be "inquired into on cross-examination." RP at 59. During cross-examination, Esslinger acknowledged that his initial report stated only that George was "sitting on the ground and leaning . . . against the fifth wheel."

4

43251-0-II

RP at 71. On redirect, Esslinger explained that "I could not tell you if [he] was on his buttocks or on his knees. I just know he was down low and leaning up against the trailer down into the fifth wheel where the wheels were at." RP at 71-72. Inconsistencies in witness testimony are not grounds for reversal because credibility is a jury determination. *State v. Mullins*, 158 Wn. App. 360, 373, 241 P.3d 456 (2010), *review denied*, 171 Wn.2d 1006 (2011) (citing *Stiley v. Block*, 130 Wn.2d 486, 925 P.2d 194 (1996)). And "[c]redibility determinations cannot be reviewed on appeal." *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

We affirm

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Penoyar, J.

We concur:

_____
Quinn-Brintnall, J.

_____
Bjorgen, J.

5