[No. 412-1.    Division One—Panel 2.    March 15, 1971.]

OTHEN N. CARLOS *et al., Appellants,* v. RICHARD D. CAIN *et al., Respondents.*

476

*Bonjorni, Burgeson & Fiori, Duncan A. Bonjorni,* and *David L. Harpold,* for appellants.

*Horswill, Keller, Rohrback, Waldo & Moren* and *Fred R. Butterworth,* for respondents.

JAMES, J.—Shirley G. Carlos was injured on March 16, 1967, when the automobile in which she was a passenger was struck in the rear by an automobile driven by Richard D. Cain.

The Carloses initiated this action against the Cains to recover for her injuries.

Liability was admitted and evidence at the trial was limited to the issue of damages. The Carloses appeal from a verdict in the amount of $2,000, claiming that $2,000 is inadequate compensation for her injuries. They seek a new trial.

Error is assigned to the rejection of Carloses' offer of proof relating to bruxism[1] as an element of damages. The trial judge agreed to accept such evidence if legally sufficient expert testimony could be produced to establish a causal relationship between the accident and bruxism.

The Carloses' offer of proof was that Shirley Carlos' dentist would testify that:

The exact cause [of bruxism] is not known and it may have many causes. On this basis, he could not himself say that the grinding of the teeth that he observed in Mrs. Carlos was caused by the accident or a result of the

---

[1] Webster's defines bruxism as "the habit of unconsciously gritting or grinding the teeth esp. in situations of stress or during sleep." Merriam-Webster Third Int'l Dictionary 287 (1964).

accident. He could not say it with reasonable medical certainty as an expert opinion.

The trial judge, in rejecting the offer of proof, stated:

I think if we had a question of some objective trauma and whether or not that manifestation was a result of this accident, there would be no question but what the statement in *O'Donoghue vs. Riggs* here at 73 Wn. (2d) 814, which says:

> "Medical testimony must be relied upon to establish the causal relationship between the liability-producing situation and the claimed physical disability resulting therefrom."

In that situation there would be no question but what in light of the statement of Dr. Kay here in his letter of September 12, 1969, within just six days ago, in which he says,

> "I do not know that the bruxism now exhibited by Mrs. Carlos is related to the accident. Perhaps the psychological trauma of the accident could produce it."

That statement doesn't carry the weight of medical testimony.

■ The trial judge correctly rejected the offer of proof. The proffered evidence was not legally sufficient to establish the causal relationship between the accident and the condition complained of.

The causal relationship of an accident or injury to a resulting physical condition must be established by medical testimony beyond speculation and conjecture. The evidence must be more than that the accident "might have," "may have," "could have," or "possibly did," cause the physical condition. It must rise to the degree of proof that the resulting condition was probably caused by the accident, or that the resulting condition more likely than not resulted from the accident, to establish a causal relation.

*Miller v. Staton*, 58 Wn.2d 879, 886, 365 P.2d 333 (1961).

■ Nor was it error to refuse to allow Mrs. Carlos to testify as a lay witness on the subject. Her testimony, if believed, would establish the condition, but it could not establish the necessary causal relationship in terms of reasonable medical probability. It was properly refused.

The Carloses claim that the cost of the drug librium, a tranquilizer, should have been included as an element of special damages. The testimony of their medical witnesses fails to connect this drug to the accident. It was properly excluded as an element of damages.

A juror left the deliberations to remove her car from a parking lot. She was seen returning to the jury room with the trial judge's bailiff. This happened without the knowledge or consent of the trial judge or counsel for either party. The Carloses argue that this is a ground for a new trial.

RCW 4.44.300 provides:

> After hearing the charge, the jury may either decide in the jury box or retire for deliberation. If they retire, they must be kept together in a room provided for them, or some other convenient place under the charge of one or more officers, until they agree upon their verdict, or are discharged by the court. The officer shall, to the best of his ability, keep the jury thus separate from other persons, without drink, except water, and without food, except [as] ordered by the court. He must not suffer any communication to be made to them, nor make any himself, unless by order of the court, except to ask them if they have agreed upon their verdict, and he shall not, before the verdict is rendered, communicate to any person the state of their deliberations or the verdict agreed on.

■ When the record is considered as a whole, it appears reasonably doubtful that this conduct affected the amount of the verdict. *See Gardner v. Malone,* 60 Wn.2d 836, 376 P.2d 651 (1962); *Spratt v. Davidson,* 1 Wn. App. 523, 463 P.2d 179 (1969). We have examined the affidavits and other relevant portions of the record before us. They merely show the fact of the separation. They fail to demonstrate or to raise the required reasonable doubt that anything improper occurred in the absence of the separated juror. More than a mere possibility of prejudice must be shown. *Spratt v. Davidson, supra.*

After both parties had rested, the Carloses moved to amend their complaint to show the full amount of damages to their car. Mrs. Carlos had testified only that she had paid

$50 toward the repair of her automobile. The motion was denied.

In a proper case, the pleadings can be amended to conform to the proof. CR 15(b). Here, there was no proof of the actual damages to the car. Under these circumstances, it was not an abuse of the trial judge's discretion to refuse to allow the amendment. See *Dimoff v. Ernie Majer, Inc.,* 55 Wn.2d 385, 347 P.2d 1056 (1960).

Error is assigned to an incident which occurred during final argument to the jury. Carloses' counsel attempted to point out that the Cains had not called as a witness the doctor who examined Mrs. Carlos in their behalf. Carloses would have argued that it should reasonably be inferred that the doctor's testimony would have been unfavorable to the Cains' case. At this point, Cains' counsel objected with the addendum, "It is totally improper and Counsel knows it." The objection was sustained. Carloses claim that the charge of willful misconduct was an unwarranted attack upon their counsel which so prejudiced the minds of the jurors that they were deprived of a fair trial.

Carloses neither requested a curative instruction concerning the statement nor did they immediately move for a mistrial. A new trial will not be granted because of misconduct of counsel unless there has been a request to the trial judge to give an appropriate curative instruction, except where it appears that the misconduct was so flagrant that no instruction could cure it. *Strandberg v. Northern Pac. Ry.,* 59 Wn.2d 259, 367 P.2d 137 (1961); *Kilde v. Sorwak,* 1 Wn. App. 742, 463 P.2d 265 (1970). Our review of the record satisfies us that this case does not come within the exception to the general rule.

We are also satisfied that the trial judge properly sustained the objection to the argument. The medical report was available to the Carloses prior to the trial. Either party could have called the doctor as a witness. He was not "peculiarly available" to the Cains. See *State v. Davis,* 73 Wn.2d 271, 438 P.2d 185 (1968).

An equally reasonable inference for the failure to call

480

the second doctor was that his testimony would be cumulative.

The Carloses urge us to conclude that the verdict was so inadequate as to unmistakably indicate passion or prejudice on the part of the jury. The trial judge discerned no manifestation of passion or prejudice. We find none reflected in the record. See Hanson v. Newberry Renton Corp., 3 Wn. App. 546, 475 P.2d 893 (1970).

█ Finally, the Carloses ask that we "apply the test of [our] own conscience to the verdict in the light of the evidence in the case" and conclude that it was grossly inadequate. In the absence of unmistakable indication of passion or prejudice, this is the test which we must apply. Hogenson v. Service Armament Co., 77 Wn.2d 209, 461 P.2d 311 (1969). "[B]earing in mind the presumption that the verdict was correct", Ma v. Russell, 71 Wn.2d 657, 659, 430 P.2d 518 (1967), we have reviewed the record de novo. We are not shocked by the amount of the verdict and we may not substitute our judgment for that of the jury. Johnson v. Marshall Field & Co., 78 Wn.2d 609, 478 P.2d 735 (1970).

The judgment is affirmed.

FARRIS, A.C.J., and SWANSON, J., concur.