[No. 23483-5-III.   Division Three.   May 25, 2006.]

DARLA TORNO ET AL., *Appellants*, v. DAVID HAYEK ET AL., *Respondents*.

*Patrick G. McMahon* and *David L. Force* (of *Carlson, McMahon & Sealby, P.L.L.C.*), for appellants.

*Aaron L. Lowe* (of *Aaron L. Lowe & Associates, P.S.*), for respondents.

¶1 BROWN, J. — Darla Torno suffered two car accidents within two weeks. The other drivers, David Hayek and Sandra Boyle, admitted liability but disputed damages. The jury's special verdict totaled $6,220. Ms. Torno contends the court erred in making certain evidence rulings, instructing on probable cause and preexisting injury, and entering a judgment on a low verdict. We conclude the trial court did not abuse its discretion in the evidence rulings. Considering the instructions in light of the evidence, we hold it correctly allowed the parties to argue their case theories without

prejudice. Finally, the judgment was within the evidence range. Accordingly, we affirm.

## FACTS

¶2  On May 22, 2000, Darla Torno and David Hayek were involved in an admitted liability car accident. On June 4, 2000, Ms. Torno was involved in another admitted liability car accident with Sandra Boyle. Ms. Torno sued the Hayeks and Boyles for injuries allegedly caused by the two accidents. Ms. Torno unsuccessfully moved to exclude similar injury evidence and medical treatment for a 1993 car accident.

¶3  In other relevant evidence rulings, the Hayeks and Boyles successfully moved to strike the perpetuated testimony of Cary Simonds, D.D.S., one of Ms. Torno's treating dentists, regarding causation of her temporomandibular joint (TMJ) complaints, despite "[Ms. Torno's] convincing recollection of history as it related to being fixed and stable prior to the accidents." Report of Proceedings (RP) at 642-43. Dr. Simonds conceded had he known he would be opining about causation in future litigation, he would have wanted to review her prior medical records. Additionally, the court found his proposed future treatment testimony speculative because Dr. Simonds deposed he had not seen Ms. Torno in two and one-half years, did not know her present condition, and did not know what, if any, future treatment would be necessary. Finally, the Hayeks and the Boyles successfully argued to exclude opinion testimony from Arthur Rudd, D.D.S., regarding Ms. Torno's future treatment, based partly on Dr. Rudd's testimony:

Q    In your opinion what sort of future care or surgeries would Ms. Torno have to have, or not have?

A    I don't know, because I'm awaiting [Dr. Simonds'] evaluation and expertise and the results of the MRI [Magnetic Resonance Imaging], which is critical in her case.

Q    Okay. What sort of future care do you have in store for Ms. Torno, if any?

A   I have not seen her since 3/10 of '03. I have no idea where she's at right now or what treatment she's undergoing or not undergoing.

RP at 378-79.

¶4 The court allowed Dr. Rudd's and Dr. Simonds's TMJ diagnosis evidence. Ms. Torno called James Bingham, M.D., who saw her for cervical strain, TMJ, and fibromyalgia complaints after the two accidents. Dr. Bingham opined Ms. Torno's cervical strain was caused by "one or both accidents" and she was "likely to have ongoing problems for the duration." RP at 216, 257. He testified Ms. Torno's shoulder surgery, physical therapy, office visits, and MRI were "[r]easonable and necessary." RP at 222. Gina Yaritz, D.C., detailed Ms. Torno's chiropractic treatment, testifying, "the two auto accidents caused the injury that she's suffering from today." RP at 278.

¶5 The defense called Thomas Miskovsky, M.D., Stephen Sears, M.D., and Daniel Skinner, D.D.S., to counter Ms. Torno's evidence. Dr. Miskovsky opined Ms. Torno had a cervical strain related to the accidents but treatment merely required three weeks to three months. He estimated $2,691 as reasonable and necessary treatment expenses. He characterized her ongoing pain complaints as an effect of fibromyalgia, stating, "I don't think that her ongoing symptoms are related to physical injury." RP at 339. Dr. Sears testified Ms. Torno suffered no appreciable injury and did not aggravate previous injuries in the accidents: "There were no reproducible abnormalities that I could point to indicating that there was something wrong with her. She basically has subjective complaints. . . . Without those subjective complaints she's normal." RP at 519. Dr. Skinner opined Ms. Torno's TMJ problems were not caused by the recent accidents but may have been aggravated by them.

¶6 Arguing multiple causation theories existed, Ms. Torno unsuccessfully proposed a modified proximate cause instruction:

The term "proximate cause" means a cause which in a direct sequence produces the injury complained of and without which such injury would not have happened.

There may be more than one proximate cause of the same alleged injury. It is not a defense, however, that some other cause or the act of some other person who is not a party to this lawsuit may also have been a proximate cause.

Clerk's Paper's (CP) at 71. Instead, the court gave the standard proximate cause instruction based upon 6 *Washington Practice*: *Washington Pattern Jury Instructions: Civil* 15.01, at 181 (5th ed. 2005) (WPI):

The term "proximate cause" means a cause which in a direct sequence unbroken by any new independent cause, produces the injury complained of and without which such [sic] the injury would not have happened.

There may be more than one proximate cause of an injury.

CP at 86.

¶7 Over Ms. Torno's objection, the court instructed on preexisting medical conditions:

If you find that:

(1) before this occurrence the plaintiff had a bodily condition that was not causing pain or disability; and

(2) because of this occurrence the pre-existing condition was lighted up or made more active, then you should consider the lighting up and any other injuries that were proximately caused by the occurrence, even though those injuries, due to the pre-existing condition, may have been greater than those that would have been incurred under the same circumstances by a person without that condition. There may be no recovery, however, for any injuries or disabilities that would have resulted from natural progression of the pre-existing condition even without this occurrence.

CP at 88.

¶8 The jury's special verdict specified $3,000 past economic damages, $2,000 noneconomic damages, and $1,220 future economic damages. Ms. Torno did not seek a ruling that the $6,220 total verdict was too low before she appealed.

## ANALYSIS

### A. Evidence Rulings

¶9 The issue is whether the court erred in certain evidence rulings—first, excluding Ms. Torno's proffered future treatment and causation testimony and, second, allowing the jury to hear evidence of Ms. Torno's preexisting injuries.

¶10 We review evidence rulings for an abuse of discretion. *Vasquez v. Markin,* 46 Wn. App. 480, 491, 731 P.2d 510 (1986). Discretion is abused if "no reasonable person would take the position adopted by the trial court." *Stevens v. Gordon,* 118 Wn. App. 43, 51, 74 P.3d 653 (2003) (citing *Mayer v. City of Seattle,* 102 Wn. App. 66, 79, 10 P.3d 408 (2000)).

¶11 First, medical testimony must be based upon a more probable than not basis. *Carlos v. Cain,* 4 Wn. App. 475, 477, 481 P.2d 945 (1971) (citing *Miller v. Staton,* 58 Wn.2d 879, 886, 365 P.2d 333 (1961)). The court excluded Dr. Rudd's and Dr. Simonds's future treatment testimony because they had not seen Ms. Torno in about two and one-half years and did not know her current condition. Each testified he could not opine on her future care or surgeries. Therefore, the court did not abuse its discretion in excluding future treatment testimony. *See id.; see also* ER 702 (expert testimony must assist the trier of fact to understand the evidence or determine a fact in issue).

¶12 The court excluded Dr. Simonds's TMJ causation testimony because it was based exclusively on Ms. Torno's recollection that the condition was fixed and stable before the accidents. Dr. Simonds conceded he would need to review her medical records in order to offer a causation opinion in a trial setting. Thus, the trial court had tenable grounds for excluding the causation testimony. *See Carlos,* 4 Wn. App. at 477 (causal relationship must rise to more probable than not basis). Therefore, the trial court did not err in excluding the testimony on foundation grounds.

▮ ¶13 Second, Ms. Torno contends the court erred in allowing the defense to present preexisting injury evidence. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. "Evidence tending to establish a party's theory, or to qualify or disprove the testimony of an adversary, is relevant evidence." *Hayes v. Wieber Enters., Inc.,* 105 Wn. App. 611, 617, 20 P.3d 496 (2001). However, relevant evidence may be excluded if its probative value is substantially outweighed by unfair prejudice. ER 403.

¶14 Ms. Torno's preexisting injuries mirrored her alleged injuries from the accidents in 2000. Thus, evidence of Ms. Torno's preexisting conditions was highly relevant to the defendants' theories on causation; they argued Ms. Torno's injuries were caused by the 1993 accident. Accordingly, the court did not abuse its discretion in finding this evidence relevant and sufficiently probative to overcome any unfair prejudice.

## B. Instructions

¶15 The issue is whether the court erred in refusing Ms. Torno's modified proximate cause jury instruction and giving the additional preexisting injury instruction.

▮ ¶16 We review jury instructions de novo. *Hue v. Farmboy Spray Co.,* 127 Wn.2d 67, 92, 896 P.2d 682 (1995). If an instruction contains an error of law, it requires reversal if prejudice is shown. *Id.* Instructions are sufficient if "they allow the parties to argue their theories of the case, do not mislead the jury and, when taken as a whole, properly inform the jury of the law to be applied." *Id.*

¶17 The court gave the proximate cause instruction from WPI 15.01, at 181. Ms. Torno contends the court should have added the language in WPI 15.04, at 191: "[I]t is not a defense that . . . [some other cause] [or] [the act of some other

person who is not a party to this lawsuit] may also have been a proximate cause." The official comments to WPI 15.04 suggest that language should be given in addition to WPI 15.01 when the act of some person who is not a party to the lawsuit or another event may have concurred with a defendant's negligence to cause the injury.

¶18 Ms. Torno relies on *Brashear v. Puget Sound Power & Light Co.*, 100 Wn.2d 204, 207, 667 P.2d 78 (1983), to argue the court erred by failing to include the omitted language because of the multiple causation theories. However, the focus in *Brashear* was contested liability with concurring causes. Here, the Hayeks and Boyles admitted liability but disagreed about necessary and reasonable treatment. Thus, *Brashear* is distinguishable. WPI 15.01 allowed Ms. Torno to argue her case theory for damages. Indeed, the jury agreed with her qualitatively because it awarded past economic, noneconomic, and future economic damages. Ms. Torno points to no prejudice except the jury's quantitative findings. We do not disturb the adequacy of damages findings when, as analyzed in part C below, the damages fall within the range of evidence.

¶19 Next, Ms. Torno contends the court improperly gave the following optional language in its preexisting injury instruction: "There may be no recovery, however, for any injuries or disabilities that would have resulted from natural progression of the pre-existing condition even without this occurrence." CP at 88.

¶20 The optional language should be included solely where the evidence supports a finding that some of the resulting injury would have resulted from the natural progression of the condition, even without the occurrence. *See Leavitt v. De Young*, 43 Wn.2d 701, 708-09, 263 P.2d 592 (1953) (jury instructions must be supported by substantial evidence); *see also* WPI 30.18. While Dr. Miskovsky allowed for a cervical strain with limited treatment, he stated, "I don't think that her ongoing symptoms are related to physical injury." RP at 339. Dr. Sears opined Ms. Torno suffered no appreciable injury, did not aggravate previous

injuries, and discounted Ms. Torno's symptoms as merely "subjective" and without "reproducible abnormalities." RP at 519. Dr. Skinner denied causation for the TMJ problems, but he allowed the prior injuries may have been aggravated.

¶21 The inference from the summarized defense evidence is that Ms. Torno's prior conditions had degenerated or naturally progressed to the point of becoming symptomatic. In that context, the instruction was supported by substantial evidence. *See id.* The defense was entitled to the instruction under its case theory. Even so, an erroneous jury instruction is not grounds for reversal unless it affects, or presumptively affects, the outcome of the trial. *Thomas v. French,* 99 Wn.2d 95, 104, 659 P.2d 1097 (1983). As analyzed above, Ms. Torno cannot argue prejudice merely because of a low jury verdict, which was within the range of evidence. Ms. Torno was allowed to argue her case theory and present evidence her injuries resulted from the accidents in 2000.

¶22 In sum, the trial court did not err in its instructions. Assuming error, it was not sufficiently prejudicial.

## C. Judgment Adequacy

¶23 The issue is whether, considering the evidence, the court erred in entering the jury's verdict because the amount is inadequate.

¶24 Ms. Torno failed to raise this issue below by filing an additur motion or asking for a new trial under CR 59. Thus, Ms. Torno has waived this argument. *See* RAP 2.5. Even so, her arguments are unpersuasive. Determining damages is for the jury. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.,* 122 Wn.2d 299, 329, 858 P.2d 1054 (1993). Courts will not interfere with a jury's damage award absent an abuse of discretion. *Id.* We look to the record to determine if sufficient evidence supports the verdict. *McUne v. Fuqua,* 45 Wn.2d 650, 652, 277 P.2d 324 (1954).

254

¶25 The jury awarded Ms. Torno $6,220: $3,000 for past economic damages, $2,000 for noneconomic damages, and $1,220 for future economic damages. While Ms. Torno offered evidence and argument tending to show damages more than $6,200, the defense offered contrary evidence tending to show either no damages or damages less than $6,200. Dr. Miskovsky allowed three weeks to three months of necessary treatment with reasonable costs between $474.50 and $2,691.05. Thus, the verdict is within the evidence range. Accordingly, the trial court did not err in entering judgment.

¶26 Affirmed.

SWEENEY, C.J., and KULIK, J., concur.