# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

ALLA KOVAL,

        Appellant,

        v.

AUBURN REGIONAL MEDICAL
CENTER, INC., a Washington self-
insured employer, and THE
DEPARTMENT OF LABOR &
INDUSTRIES OF THE STATE OF
WASHINGTON,

        Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 74664-2-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: November 6, 2017

TRICKEY, A.C.J. — Alla Koval appeals the jury's verdict in favor of Auburn Regional Medical Center (Auburn Medical). The jury denied her request for a permanent partial disability award and her application to reopen her claim. Koval contends that the trial court erroneously instructed the jury to deny her recovery if any part of her claimed injury could be attributed to the natural progression of her preexisting condition. Koval also argues that the trial court abused its discretion when it excluded testimony that she had not received a vocational assessment prior to her claim being closed. Because the trial court's jury instruction correctly instructed the jury about Koval's damages attributable to the natural progression of her preexisting condition and Koval was not prejudiced by the trial court's exclusion of the challenged testimony, we affirm.

## FACTS

Koval worked at Auburn Medical as a phlebotomist. Prior to 2010, Koval had traumatic arthritis likely caused by a knee injury she sustained in 2002. She also had several risk factors for degenerative joint disease, including long-term weight issues.

In January 2010, Koval injured her right knee when she slipped and fell at work. She filed a claim for her injury with the Washington State Department of Labor and Industries (L&I). L&I allowed the claim.[1] In May 2010, L&I closed Koval's 2010 claim. In July 2013, L&I denied Koval's application to reopen her 2010 claim.

Koval slipped and fell again in September 2011, injuring both of her knees. She filed another claim with L&I. L&I allowed the claim. In April 2012, L&I closed Koval's 2011 claim with no permanent partial disability award. L&I affirmed the order in December 2012.

From March 23, 2012 to December 7, 2012, Koval was able to return to work at Auburn Medical as a phlebotomist without any physical limitations caused by her knee injuries.

Koval appealed L&I's denial of her application to reopen her 2010 claim and L&I's closure of her 2011 claim without a permanent partial disability award to the Board of Industrial Insurance Appeals (the Board). The Board consolidated the appeals.

Koval called Lori Allen, a vocational rehabilitation counselor, to testify before the Board. Allen testified about her understanding of RCW 51.32.095 and its application to vocational assessments performed prior to L&I closing a claim (preclosure vocational assessments).

Koval asked Allen if she thought Koval would have benefitted from further vocational services on December 2012. Auburn Medical objected to the question as irrelevant and vague, and the Board sustained the objection. Allen answered in colloquy[2]

---

[1] Neither party provides a citation for the date of Koval's filing of her claims or the claims themselves. Neither party challenges that Koval filed claims or that L&I allowed them to proceed.

[2] "When evidence has been excluded, the proponent of the evidence should make an offer of proof, thus creating a record for subsequent motions and a possible appeal." 14A WASHINGTON

that her review of the records did not show that Auburn Medical had conducted a vocational assessment of Koval. Still in colloquy, Allen indicated that Koval was in need of vocational services as of December 2012.[3]

Also over Auburn Medical's sustained objection, Allen answered in colloquy that she did not find any "employer ability [sic] assessment reports" in Koval's claim files for her injuries.[4]

The Board affirmed both L&I orders.

Koval appealed the Board's decision to the King County Superior Court. The trial court sustained Auburn Medical's objection to Allen's statements that Koval would have benefitted from a vocational assessment, that one had not been done, and that Koval needed further vocational services. The trial court overruled Auburn Medical's objection to Allen's statement that Koval's claim files did not contain vocational assessments, and admitted the testimony.

Koval requested a jury instruction on proximate causation and preexisting conditions based on WPI 30.18.01. Over Koval's objection, the trial court included an optional bracketed paragraph of WPI 30.18.01 that was not in Koval's proposed jury

---

PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 34.18, at 448 (2d ed. 2009) (WPI) (citing ER 103, Wilson v. Olivetti North America, Inc., 85 Wn. App. 804, 934 P.2d 1231 (1997)). A "colloquy" is a discussion between the court and counsel, a party, or a witness that is not admitted as evidence but is recorded as part of the record. WPI 34.18, at 449; see also Sturgeon v. Celotex Corp., 52 Wn. App. 609, 618, 762 P.2d 1156 (1988) (party failed to preserve alleged error for appeal by failing to make adequate offer of proof as to what expert's testimony would have been if he had been allowed to testify).

[3] Counsel initially asked Allen if, in her opinion, Koval required vocational services. In rephrasing the question, the judge asked Allen if, in her opinion, Koval was entitled to vocational services. Allen responded, "Yes is my answer." Administrative Record (AR) (Dec. 19, 2013) at 71.

[4] AR (Dec. 19, 2013) at 71. The parties' briefs use the terms "employability assessment" and "vocational assessment" interchangeably. See Appellant's Opening Br. at 18; Resp't Br. (Auburn Medical) at 17; Resp't Br. (L&I) at 8. We refer to these as "vocational assessments." It appears that Allen's testimony was referring to an "employability assessment."

instructions.

Koval did not request a jury instruction on whether L&I had performed a vocational assessment or whether L&I prematurely closed her claim. The trial court's final jury instructions did not address whether L&I performed a vocational assessment.

Following a jury verdict in favor of Auburn Medical, the trial court affirmed the Board's decisions. Koval appeals.

ANALYSIS

Jury Instruction 10

Koval argues that the trial court erred because its instruction on proximate causation and preexisting conditions (Instruction 10) misstates Washington's law of proximate cause. Specifically, Koval contends that the court's jury instruction precluded her from recovery by telling the jury that it had to find that her preexisting condition played no role in her disability for her to recover. We disagree.

The "multiple proximate cause" theory states that "for disability assessment purposes, a workman is to be taken as he is, with all his preexisting frailties and bodily infirmities." Wendt v. Dep't of Labor & Indus., 18 Wn. App. 674, 682-83, 571 P.2d 229 (1977). "A fundamental principle of workers' compensation is that if the accident or injury is a proximate cause of the disability or death for which compensation is sought, the previous physical condition of the worker is immaterial." Dep't of Labor & Indus. v. Shirley, 171 Wn. App. 870, 886, 288 P.3d 390 (2012).

"'Jury instructions are sufficient when they allow counsel to argue their theory of the case, are not misleading, and when read as a whole properly inform the trier of fact

of the applicable law.'" Keller v. City of Spokane, 146 Wn.2d 237, 249, 44 P.3d 845 (2002) (quoting Bodin v. City of Stanwood, 130 Wn.2d 726, 732, 927 P.2d 240 (1996)).

"On appeal, jury instructions are reviewed de novo, and an instruction that contains an erroneous statement of the applicable law is reversible error where it prejudices a party." Cox v. Spangler, 141 Wn.2d 431, 442, 5 P.3d 1265 (2000), 22 P.3d 791 (2001) (citing State v. Wanrow, 88 Wn.2d 221, 559 P.2d 548 (1977)).

Based on WPI 30.18.01, the trial court's Instruction 10 read:

If you find that:

1. before this occurrence Alla Koval had a bodily condition that was not causing pain or disability; and

2. the condition made Alla Koval more susceptible to injury than a person in normal health,

then you should consider all the injuries and damages that were proximately caused by the occurrence, even though those injuries, due to the pre-existing condition, may have been greater than those that would have been incurred under the same circumstances by a person without that condition. There may be no recovery, however, for any injuries or disabilities that would have resulted from natural progression of the pre-existing condition even without this occurrence.[5]

The last sentence of WPI 30.18.01 "should be included solely where the evidence supports a finding that some of the resulting injury would have resulted from the natural progression of the condition, even without the occurrence." Torno v. Hayek, 133 Wn. App. 244, 252, 135 P.3d 536 (2006) (citing Leavitt v. De Young, 43 Wn.2d 701, 708-09, 263 P.2d 592 (1953) ("jury instructions must be supported by substantial evidence"); WPI 30.18)).

---

[5] Clerk's Papers at 75 (Instruction 10) (emphasis added).

Here, Instruction 10 correctly states the law of proximate causation. The first part of Instruction 10 told the jury that Koval was entitled to damages that were proximately caused by her knee injuries, even if her preexisting condition made her more susceptible to injury or caused her injuries to be greater than if she had been in normal health. The last sentence of Instruction 10 told the jury that Koval was not entitled to recover damages incurred from the natural progression of her preexisting condition. This is consistent with Washington's multiple proximate cause theory, as the jury was instructed to award Koval only those damages proximately caused by her complained of injuries, not those incurred due to the natural progression of her preexisting condition.

Moreover, substantial evidence in the record supported the inclusion of the last sentence of WPI 30.18.01 in Instruction 10. Koval had a history of knee injuries, weight issues, and arthritis that could have been the sole cause of her claimed damages. Koval had likely reached her maximum medical improvement for her 2010 and 2011 knee injuries, 6 to 12 weeks after they occurred. The continued deconditioning of her knees was likely due to the natural progression of her arthritis and her weight issues. Thus, the trial court's decision to include the bracketed language was supported by evidence in the record that some or all of Koval's injuries could be attributed to her preexisting condition.

Koval argues that Instruction 10 erroneously told the jury that her knee condition was caused by either her 2010 and 2011 injuries or the natural progression of her preexisting condition. This misinterprets the language of Instruction 10. The first section of Instruction 10 tells the jury that Koval was entitled to damages proximately caused by her knee injuries. Contrary to Koval's interpretation, the last sentence of Instruction 10 does not preclude the jury from awarding any damages if it finds that any part of her

damages are attributable to the natural progression of her preexisting condition. Rather, it correctly informs the jury that Koval is not entitled to recover damages that would have been incurred because of the natural progression of her preexisting condition even if her knee injuries had not occurred.

Koval also contends that Instruction 10 improperly required the jury to speculate about whether the natural progression of Koval's preexisting condition would have required future treatment.

"A verdict cannot be founded on mere theory or speculation." Hojem v. Kelly, 93 Wn.2d 143, 145, 606 P.2d 275 (1980). The causal relationship between a claimed injury, aggravation of the injury, and disability must be established by medical testimony. Phillips v. Dep't of Labor & Indus., 49 Wn.2d 195, 197, 298 P.2d 1117 (1956).

Instruction 10 did not require the jury to speculate about how the natural progression of Koval's preexisting condition would affect her knee. As discussed above, the jury heard substantial medical testimony about Koval's prior knee injuries, preexisting condition, and knee injuries in 2010 and 2011. Also, the jury heard that the deconditioning of Koval's knees was likely due to the natural progression of her arthritis and her weight issues. The jury could rely on the medical testimony and did not need to speculate about whether Koval's damages were attributable to her preexisting condition, rather than her 2010 and 2011 knee injuries.

Koval argues that the last sentence of WPI 30.18.01 should only be included in personal injury cases to allow the defense to argue for a lower damages award. See Torno, 133 Wn. App. at 252. Torno was a personal injury case arising from a car accident. 133 Wn. App. 244, 246, 135 P.3d 536 (2006). The plaintiff appealed the trial court's

instruction to the jury on preexisting medical conditions, including that the plaintiff could not recover "'for any injuries or disabilities that would have resulted from natural progression of the pre-existing condition even without this occurrence.'" Torno, 133 Wn. App. at 249. The Court of Appeals held that the trial court did not err in giving the instruction because an inference from the defense's medical evidence was that the plaintiff's injuries were due at least in part to the natural progression of her preexisting condition. Torno, 133 Wn. App. at 253.

Korval's reliance on Torno is misplaced. Torno examined the amount of evidence required to support giving the instruction. Torno did not address whether the instruction was appropriate only in cases where the jury's role would include determining whether to reduce the plaintiff's award. Moreover, here, as in Torno, substantial medical testimony about the natural progression of Koval's preexisting condition supports the challenged instruction. Thus, Torno supports the trial court's decision to give the full version of WPI 30.18.01 in this case.

At oral argument, Koval cited Shea v. Department of Labor & Industries to argue that she was still entitled to recover damages caused by her industrial injuries even if her preexisting condition alone would have caused her ultimate disability. 12 Wn. App. 410, 529 P.2d 1131 (1974). In Shea, a worker suffered an industrial injury in 1964 that ultimately resulted in his total and permanent disability by August 1971. 12 Wn. App. at 411-12. The worker also suffered from a degenerative vascular disease unrelated to his 1964 industrial injury, which "effectively removed [him] from the labor market as early as November 1965." Shea, 12 Wn. App. at 413. The trial court concluded that the evidence

was insufficient as a matter of law to establish a prima facie case and dismissed the worker's claim. Shea, 12 Wn. App. at 411.

The Court of Appeals remanded the case, stating that there was "no reason why the workman should be denied the opportunity to present [evidence of the effect of his 1964 injury] to a fact-finding body, which may or may not accept his version of the evidence." Shea, 12 Wn. App. at 414-15. The Court of Appeals also held that a worker is entitled to total disability benefits under the workmen's compensation act if his industrial injury is a significantly contributing cause of his inability to work, regardless of other circumstances or conditions that may have also contributed to his inability to work. Shea, 12 Wn. App. at 415.

Shea is distinguishable from the present case. Here, unlike Shea, Koval had an opportunity to present evidence to the jury in support of her argument that she was entitled to damages proximately caused by her industrial injuries. The jury considered evidence of her knee injuries and preexisting condition. The jury determined that Koval was not entitled to further medical treatment and was not temporarily totally disabled, and that the Board correctly determined that her 2010 injury did not objectively worsen between May 2010 and July 2013. Moreover, Koval was not totally and permanently disabled. She returned to work as a phlebotomist, even after L&I determined that she did not need vocational services. Therefore, Shea is both procedurally and factually dissimilar to the present case, and is not persuasive.

In sum, Instruction 10 correctly stated the law of proximate cause and preexisting conditions. It properly directed the jury to determine what damages, if any, were proximately caused by Koval's 2010 and 2011 knee injuries. It also told the jury that

Koval was not entitled to recover damages caused by the natural progression of her preexisting condition. The instruction was supported by substantial evidence in the record. The trial court did not err in giving Instruction 10 to the jury.

## Exclusion of Testimony

Koval argues that the trial court abused its discretion when it excluded testimony that she was not provided vocational services and that L&I did not conduct a vocational assessment prior to closing her claim. Koval contends that this testimony was essential to her theory of recovery that L&I did not perform a preclosure vocational assessment and thus prematurely closed her claim. Because there was sufficient evidence in the record for Koval to have argued her theory of recovery to the jury, we conclude that she cannot show that she was prejudiced by its exclusion.

Relevant evidence is admissible unless its admissibility is otherwise limited. ER 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401.

Here, Koval asked Allen whether, in her opinion, Koval was in need of further vocational services as of December 2012. Allen's response in colloquy was that, in her opinion, Koval required further vocational services but her employer had not performed a vocational assessment.[6] The trial court excluded this testimony on relevance grounds. But the trial court admitted two other pertinent parts of Allen's testimony. First, it admitted

---

[6] Allen also stated that a vocational assessment had not been performed and the statute's return-to-work priorities had not been addressed. Koval needed to address these priorities if Koval was permanently restricted from performing phlebotomy work, and that Koval likely needed additional vocational services. The court told Allen to limit her response to the scope of Koval's question, after which Allen indicated that her answer was "[y]es." AR (Dec. 19, 2013) at 71. The trial court struck all of this testimony on relevance grounds.

10

Allen's testimony that she understood that workers had to be given a vocational assessment to determine whether the worker needs vocational services under RCW 51.32.095. Second, it admitted Allen's testimony that Koval's claims file did not contain a vocational assessment.

Even assuming that the trial court erroneously excluded Allen's testimony about whether Koval required vocational services and had not been given a vocational assessment as irrelevant, Koval cannot show that she was prejudiced by that error.

Evidentiary errors merit reversal only where the error is prejudicial. State v. Bourgeois, 133 Wn.2d 389, 403, 945 P.2d 1120 (1997). An error is prejudicial when it materially affects the outcome of the trial. State v. Neal, 144 Wn.2d 600, 611, 30 P.3d 1255 (2001).

Here, the trial court admitted evidence showing that L&I had not performed a preclosure vocational assessment. Specifically, it admitted Allen's testimony about her understanding of RCW 51.32.095 and that Koval's claim files did not contain preclosure vocational assessments. This evidence was sufficient to allow Koval to argue to the jury that L&I prematurely closed her claim because it had not conducted a vocational assessment. Thus, the exclusion of the testimony did not prejudice Koval because it did not preclude Koval from arguing this theory of the recovery to the jury, and did not materially affect the outcome of the trial.

### Attorney Fees

Koval requests her reasonable attorney fees on appeal if this court reverses or modifies the decision of the superior court. RCW 51.52.130; Brand v. Dep't of Labor & Indus., 139 Wn.2d 659, 674-75, 989 P.2d 1111 (1999). Koval has not prevailed on any

of her claims on appeal, and we decline to award her reasonable attorney fees under RCW 51.52.130.

Affirmed.

Trickey, ACJ

WE CONCUR:

Dwyer, J.

Becker, J.